AETNA INSURANCE COMPANY,
Appellant,

v.

Anthony RICHARDELLE et
ux., Appellees.

No. 972.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1975.

Rehearing Denied Oct. 16, 1975.

Steven W. Stark, Cox, Wilson, Black & Stark, Jeffrey D. Roerig, Brownsville, for appellant.

Reynaldo G. Garza, Jr., Carinhas & Cunningham, Brownsville, for appellees.

## OPINION

BISSETT, Justice.

This is a suit by an insurance company against the parents of a minor to recover damages caused when the minor set a residence home on fire. Aetna Insurance Company filed suit against Anthony Richardelle and wife, Mrs. Anthony Richardelle, to recover $5,000.00 which it had previously paid to Mr. and Mrs. Gordon Schultz as a result of the Schultz home being damaged by a fire which was set by Gary Richardelle, the minor son of Mr. and Mrs. Richardelle. Trial was to a jury. It was found that Gary Richardelle set fire to the home in question and that he acted maliciously and wilfully in setting such fire. Plaintiff moved for judgment on the verdict, and defendants filed a motion for judgment non obstante veredicto. The trial judge denied plaintiff's motion, and granted defendants' motion. A take nothing judgment in defendants' favor was rendered on October 25, 1974, and plaintiff has duly perfected an appeal from that judgment.

Plaintiff, in its petition which was filed on January 2, 1974, alleged that it had insured the Schultz home (and its contents) against fire; that Gary Richardelle, a child of defendants, who was born on May 3, 1961, set fire to the Schultz home on July 31, 1972; that the home and its contents sustained damages because of the fire; that the minor child acted maliciously and wilfully in setting the fire; and that plaintiff paid Mr. and Mrs. Schultz more than $5,000.00 for the damages sustained by them as a result of the fire. Plaintiff prayed for a recovery of $5,000.00, plus court costs and reasonable attorney's fees.

The case reaches us upon an agreed statement of facts. Gary Richardelle (Gary) is a male child. He was born on May 3, 1961. Defendants are his parents. On July 31,

1972, Gary set fire to the home of Mr. and Mrs. Gordon Schultz, which caused more than $5,000.00 damage to their personal and real property. Gary acted wilfully and maliciously in setting the fire. Plaintiff, prior to the fire, had insured the home of Mr. and Mrs. Schultz and its contents against fire, and after the fire, paid them more than $5,000.00 for the damages suffered by them as a result of the fire. It was agreed that $500.00 constitutes a reasonable attorney's fee for plaintiff.

On the date of the fire, Gary was eleven (11) years of age. At that time, Tex.Rev. Civ.Stat.Ann. Art. 5923–1 was in full force and effect. It, in part, provided:

"Section 1. Any property owner . . shall be entitled to recover actual damages suffered from the parents of any minor under the age of eighteen (18) years and over the age of ten (10), when such minor maliciously and wilfully damages or destroys property, real, personal or mixed, belonging to such owner. . . . ."

The statute was repealed by Acts 1973, 63rd Leg., Ch. 543, p. 1411, when Title 2 was added to the Texas Family Code.

Section 4 of Title 2 to the Texas Family Code, in part, provides:

"(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect . . . . ."

Included in Title 2 to the Texas Family Code is Section 33.01, which reads as follows:

"A parent or other person who has the duty of control and reasonable discipline of a child is liable for any property damage proximately caused by:

(1) the negligent conduct of the child if the conduct is reasonably attributable to the negligent failure of the parent or other person to exercise that duty; or

(2) the wilful and malicious conduct of a child who is at least 12 years of age but under 18 years of age."

Plaintiff contends that the jury findings entitles it to judgment against the defendants despite the provisions of Section 33.01 of the Texas Family Code. It argues that on July 31, 1972, when the fire which gave rise to its asserted cause of action occurred, Art. 5923–1, V.A.C.S., provided for absolute liability of the parents for the wilful and malicious torts of their children under the age of 18 and over the age of 10; that it had a vested right to recover damages up to $5,000.00 from defendants upon proving the parent-child relationship between them and Gary; and that Gary, then 11 years of age, committed a wilful and malicious tort which resulted in damages to plaintiff. While plaintiff does not challenge the constitutionality of Tex.Family Code Ann. § 33.01 (1973), by a formal point of error, it does claim that the judgment which was entered by the trial court, in effect, made that Section of the Texas Family Code operate retroactively against it, in violation of Tex. Const. Art. I, § 16, in that its vested right "to proceed against the parents of ten (10) and eleven (11) year old children" for wilful and malicious torts committed by them while Art. 5923–1, V.A.C.S., was in force, was destroyed.

On the other hand, defendants take the position that the Legislature has not destroyed any of plaintiff's "vested rights", and that the enactment of Title 2 to the Texas Family Code and the repeal of Art. 5923–1, V.A.C.S., did not affect plaintiff's *right* to sue either the minor child or defendants, or both the child and the defendants, for damages caused by the torts of the minor child, Gary. They say that this case is governed by the law which was in effect at the time suit was filed, not the law which was in effect at the time the tort was committed.

As a general rule, statutes operate prospectively, but they may act retrospectively when it is apparent that such was the

intention of the Legislature, provided no impairment of vested rights results. *Cox v. Robison*, 105 Tex. 426, 150 S.W. 1149 (1912); *Jenckes v. Mercantile National Bank at Dallas*, 407 S.W.2d 260 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.). "Mere retroactivity is not sufficient to invalidate a statute." *Texas Water Rights Commission v. Wright*, 464 S.W.2d 642, 648 (Tex.Sup.1971).

A retroactive law is one which is intended to act on things that are past. A statute which takes away or impairs vested rights acquired under existing laws, or creates new obligations, imposes new duties, or adopts new disabilities in respect to transactions or considerations already past, cannot be upheld. *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898 (1955). Retroactive laws have usually been upheld if the change is merely a change in a remedy, and condemned if the change is a change that destroys a vested right. *Texas Water Rights Commission v. Wright*, supra.

Unless otherwise inhibited by either the State or Federal Constitutions, the Legislature may change existing laws, both statutory or common, at its pleasure, but in so doing, it may not deprive a person of a property right theretofore acquired under existing law. Those rights are designated as vested rights, and to be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another. If, before a right becomes vested in a person, the law upon which it is based is repealed, that particular person no longer has a remedy to enforce his claim, and if final relief has not been granted to him on the enforcement of a demand before such repeal, then no relief can be granted on his demand after the effective date of the repeal. *City of Dallas v. Trammell*, 129 Tex. 150, 101 S.W.2d 1009 (1937); 12 Tex.Jur.2d, Constitutional Law, § 116.

No person has a vested right to a particular remedy accorded by law, either at common law or by statute. *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916); *Du Pre v. Du Pre*, 271 S.W.2d 829 (Tex.Civ.App.—Dallas 1954, no writ history); 12 Tex.Jur.2d, Constitutional Law, § 118.

The Supreme Court of Texas, in *Dickson v. Navarro County Levee Imp. Dist. No. 3 et al.*, 135 Tex. 95, 139 S.W.2d 257 (1940), said:

"It is almost universally recognized that if a statute giving a special remedy is repealed, without a saving clause in favor of pending suits, all suits must stop where the repeal finds them; and, if final relief has not been granted before the repeal goes into effect, it cannot be granted thereafter. A like general rule is that if a right to recover depends entirely upon a statute, its repeal deprives the court of jurisdiction over the subject matter. . . ."

In *National Carloading Corporation v. Phoenix-El Paso Express, Inc.*, 142 Tex. 141, 176 S.W.2d 564, 568 (1944), it was noted:

"It is generally conceded that a right of action given by a statute may be taken away at any time, even after it has accrued and proceedings have been commenced to enforce it. 16 C.J.S. Constitutional Law p. 675, § 254. . . ."

The effect of a repeal of a statute is discussed in some detail in 53 Tex.Jur.2d, Statutes, §§ 113, 114, pp. 163–164, wherein it is stated:

"A valid express repeal (of a statute) abrogates, destroys, or supersedes the act or provision against which it is directed. Thereafter the statute repealed is considered as though it had never existed, except as to transactions past and closed.

\*        \*        \*        \*        \*        \*

The repeal of a statute extinguishes any right that depends solely on the statute repealed, unless the repealing act directly or by fair implication reserves the right."

At common law the mere fact of paternity did not make a parent liable for the torts of his or her minor child. 67 C.J.S. Parent and Child § 66. Prior to the passage of Art. 5923–1, V.A.C.S., which was enacted by Acts 1957, 55th Leg., Ch. 320, p. 783, effective 90 days after May 23, 1957, the parent's liability for torts committed by his or her minor child was limited to situations where there was the relationship of master and servant between the parent and child, or where the parent had directed the child in the commission of a tortious act, or where the parent had negligently permitted the child to conduct himself or herself in a manner likely to cause injury to another. 37 Texas L.Rev. 924; 44 Tex.Jur.2d, Parent and Child, § 3. The statute imposed absolute liability upon the parents for actual damages to the extent of $300.00 for damages to property due to the wilful and malicious conduct by their child between the ages of 10 and 18 years. It was amended by Acts 1965, 59th Leg., Ch. 217, p. 430, which raised the amount of recovery to not more than $5,000.00, and permitted a recovery for reasonable attorney's fees. The statute, as so amended, was in force on July 31, 1972 when Gary set the Schultz home on fire, but it had already been repealed on January 2, 1974, when plaintiff brought suit against defendants. The statute is properly classified as "remedial", since once it was established that a child became engaged in proscribed conduct, the parents became liable for the property owner's actual damages (not to exceed the amount limited), even though there was no basis for such vicarious liability at common law.

In the instant case, it is undisputed that Gary was 11 years old when he wilfully and maliciously set the fire, but was 12 years of age when plaintiff brought suit against defendants. The petition filed by plaintiff did not plead parental negligence on the part of defendants. No evidence was introduced to prove that Gary's conduct in connection with the damage to the Schultz property was reasonably attributable to the negligent failure of defendants to exercise their duty of control and reasonable discipline of their minor child.

The right to proceed against the parents of an eleven (11) year old child for his wilful and malicious acts, irrespective of parental neglect, was given to plaintiff solely by Art. 5923–1, V.A.C.S. That right was taken away by the Legislature after it had accrued but before proceedings were commenced to enforce that right. Even though the right had accrued, it was not a "vested right", since plaintiff, under the record presented, had not acquired a "title . . . to the present or future enforcement of a demand", and "the courts are generally agreed that rights of action based on purely statutory grounds may be abolished by the legislature even after they have accrued". *National Carloading Corp. v. Phoenix-El Paso Express*, supra. "There cannot be a vested right, or a property right, in a mere rule of law". *Middleton v. Texas Power & Light Co.*, supra.

The repeal of Art. 5923–1, V.A.C.S., by the enactment of Title 2 to the Texas Family Code did not destroy plaintiff's right to sue defendants for the damages caused by their minor child on July 31, 1972. Section 33.01 of Title 2 to the Texas Family Code insofar as the same provides for absolute liability of parents for damages to property caused by the wilful and malicious conduct of their minor child merely changed the age limits from 10 to 18 years (under the repealed statute) to 12 to 18 years (under the new statute).

Seventeen (17) months elapsed between the date of the fire and the date suit was filed. No reason is shown why plaintiff could not have obtained final relief on its right to proceed against the defendants under the provisions of the repealed statute prior to its repeal. That interval of time afforded plaintiff a reasonable time within which to take legal action to protect its interests.

There was no savings clause in favor of accrued causes of action in the legislative

act which repealed Art. 5923–1, V.A.C.S., and final relief had not been obtained before the repeal became effective. Relief which could have been granted solely under Art. 5923–1, V.A.C.S., while it was in full force and effect, cannot be granted after its repeal became effective. Plaintiff's right of action under the repealed statute stopped where the repeal found it. *Dickson* and *National*, supra. Statutory authority did not exist at the time suit was filed, or at the time judgment was rendered, which imposed absolute liability on defendants, the parents of a child who was then 12 years old, for a wilful and malicious tort committed by the child when he was 11 years of age.

We have carefully considered all of the points of error which have been brought forward by plaintiff. They are all overruled.

The judgment of the trial court is affirmed.