BUEHLER, EXRX., APPELLEE, *v.*
BUEHLER ET AL.; O'FERRELL, APPELLANT.

[Cite as Buehler v. Buehler (1979), 67 Ohio App. 2d 7.]

(No. C-77797—Decided April 11, 1979.)

*Mr. William T. Sheffield,* for appellee.

*Schwartz, Manes & Ruby Co., L.P.A., Mr. Dennis Lee Manes* and *Ms. Marlene Penny Manes,* for appellant.

*Per Curiam.* The appellant, Eileen M. O'Ferrell (Eileen Marie Adams Helwig), brings her appeal from the decision of the Court of Common Pleas of Hamilton County, Probate Division, which, by entry on November 1, 1977, found as follows:

"1. That Article II, Section 28 of the Ohio Constitution does not apply in this matter.

"2. That Section 2107.33 O. R. C. is applicable to this matter.

"3. That the property passes as if the former spouse

(Eileen Marie Adams [Helwig]) failed to survive the decedent and Ferdinand R. Buehler takes under Item V of the Will . . . ."

Appellant assigns a single error, subdivided into three parts, which essentially argues as follows: that the Probate Court erred to the prejudice of the appellant in holding that Section 28, Article II of the Ohio Constitution does not apply to this matter, that the court erred in holding that the testator's property passes as if the former spouse failed to survive the decedent and that the court erred in refusing to hear testimony relating to the intent of the testator.

The salient facts insofar as they are necessary for a determination of this cause reveal that the appellant married the deceased, Arthur Louis Helwig, in March 1961. The testator made his last will and testament on November 5, 1973, designating his then wife, the appellant herein, as the principal beneficiary. On October 5, 1974, the deceased and appellant were divorced and the decree incorporated a separation agreement executed by the parties on September 24, 1974. R. C. 2107.33, as amended, became effective January 1, 1976, and the testator died on June 6, 1976, some two years and seven months after he had made his last will and testament and approximately 21 months from the time of the divorce decree and incorporated separation agreement.

We address ourselves first to what we perceive to be appellant's principal contention and one which we consider to be dispositive of this appeal: The trial court erred in holding that R. C. 2107.33, as in effect at the time of death of the testator, controlled, and in so concluding, the court ran afoul of Section 28, Article II of the Ohio Constitution in applying the statute retrospectively.

The pertinent part of Section 28, Article II of the Ohio Constitution reads as follows:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts;* * *."

We hold that the trial court did not err in holding that R. C. 2107.33, as amended, which became effective January 1, 1976, applies to the case at bar. That section, in its pertinent parts, provides as follows:

"If after executing a will, a testator is divorced, obtains a

dissolution of marriage, or has his marriage annulled, or upon actual separation from his spouse, enters into a separation agreement whereby the parties intend to fully and finally settle their prospective property rights in the property of the other, whether by expected inheritance or otherwise, any disposition or appointment of property made by the will to the former spouse, any provision in the will conferring a general or special power of appointment on the former spouse, and any nomination in the will of the former spouse as executor, trustee, or guardian, shall be revoked unless the will expressly provides otherwise."

A beneficiary under a will, until the death of the testator, has nothing more than a mere expectation of receiving property from the testator and such expectation is not protected by Section 28, Article II of the Ohio Constitution. It is the well-settled and long-standing rule in this state that a will is ambulatory and takes effect only upon the death of the testator. *Patton* v. *Patton* (1883), 39 Ohio St. 590. Appellant argues that the court's ruling constitutes a retrospective application of R. C. 2107.33 as it existed at the time of the death of the testator. As was noted above, Mr. Helwig died approximately five months after the effective date of the statute. Section 28, Article II of the Ohio Constitution protects rights which are vested. *State, ex rel. Ogelvee,* v. *Cappeller* (1883), 39 Ohio St. 207. " 'A right***[is not] regarded as vested, in the constitutional sense, unless it amounts to something more than a mere expectation***or interest***[based] upon an anticipated continuance of***existing***laws.' " *Moore* v. *Bureau of Unemployment Compensation* (1943), 73 Ohio App. 362, 365. A right, not absolute but dependent for its existence upon the action or inaction of another, is not basic or vested. *Hatch* v. *Tipton* (1936), 131 Ohio St. 364. The testator had five months in which to change his will if he had chosen to do so; but, from the time of making of the will until the decedent's death, the beneficiary had nothing more than an expectancy. The divorce, under the terms of the statute, operated to revoke the will in this case because there was no provision which provided to the contrary within the will. It has always been considered as the law in this state that the legislature which creates the right to dispose of property by will must be held to have unlimited authority to regulate the exercise of that right, in-

10

cluding the course of administration that the testator's property shall take when he dies. *Hane* v. *Kintner* (1924), 111 Ohio St. 297; *In re Estate of Pickards* (1898), 5 N.P. 493. As the legislature confers the power so it may restrain its operation, confine it or abolish it altogether. *In re Estate of Lowe* (1963), 119 Ohio App. 303; *In re Emery* (1978), 59 Ohio App. 2d 7.

From what has been said above it follows that the Probate Court did not err in refusing to hear testimony relating to the intent of the testator. The will, as made in 1973, insofar as it related to the appellant was revoked by operation of the statute (R. C. 2107.33) and no useful purpose would have been served by encumbering the record with evidence concerning the testator's intent.

For the reasons given above, the assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

BETTMAN, P. J., CASTLE and BLACK, JJ., concur.