OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 26, 2002

Ms. Sheila W. Beckett, Executive Director
Employees Retirement System of Texas
1801 Brazos Street
Austin, Texas 78711

Mr. Jerry L. Benedict
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. JC-0533

Re: Whether sections 834.102(b) and 839.102(b),
Texas Government Code, apply to visiting judges
who retired prior to January 1, 2002
(RQ-0505-JC)

Dear Ms. Beckett and Mr. Benedict:

The Seventy-seventh Texas Legislature adopted two provisions increasing the retirement benefits of certain visiting judges. *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1240, §§ 3, 6, 2001 Tex. Gen. Laws 2923-25 (codified at TEX. GOV'T CODE ANN. §§ 834.102(b); 839.102(b) (Vernon Supp. 2002)). You ask whether these enactments increase benefits for visiting judges who retired prior to the January 1, 2002 effective date of the enactment. We answer in the negative.

The Texas Constitution provides in article V, section 1-a(1) and article XVI, section 67(d) for a judicial retirement system, to be administered by the Board of Trustees of the Employees Retirement System. *See* TEX. CONST. art. V, § 1-a(1); *id.* art. XVI. § 67(d). There are two judicial retirement system plans. Membership in Plan One is limited to persons who became judges, justices, and commissioners of state courts before Plan Two began operation on September 1, 1985. *See* TEX. GOV'T CODE ANN. § 832.001(a) (Vernon 1994). *See also* Act of May 27, 1985, 69th Leg., R.S., ch. 602, § 28, 1985 Tex. Gen. Laws 2249, 2271 (establishing Plan Two). Membership in Plan Two is limited to judges who have never been eligible for membership in Judicial Retirement System Plan One or its predecessor, the Judicial Retirement System of Texas. *See* TEX. GOV'T CODE ANN. § 837.001(a) (Vernon 1994). *See also* FISCAL NOTE, Tex. S.B. 372, 77th Leg., R.S. (2001) (explaining difference in funding of the two plans). The two sections you inquire about, Texas Government Code sections 834.102(b) and 839.102(b), apply respectively to Plan One and Plan Two. Subsections 834.102(a) and (d) establish the base service retirement annuity under Plan One, while subsection 834.102(b) provides as follows:

> (b) The retirement system shall increase by 10 percent of the amount of the applicable state salary under Subsection (a) or (d) the annuity of a member who on the effective date of retirement:

(1) has not been out of judicial office for more
than one year; or

(2) has served as a visiting judge in this state
and the first anniversary of the last day of that service
has not occurred.

TEX. GOV'T CODE ANN. § 834.102(b) (Vernon Supp. 2002). Section 839.102(a) similarly establishes the base service retirement annuity under Plan Two, while subsection (b) provides for a 10 percent increase in the annuity of a member "who on the effective date of retirement . . . has not been out of judicial office for more than one year," or "has served as a visiting judge in this state and the first anniversary of the last day of that service has not occurred." *Id.* § 839.102(b). The question is whether these provisions apply only to visiting judges who retire after the January 1, 2002 effective date, within one year of their last day of service as a visiting judge, or whether it also applies to visiting judges who had already retired as of that date, within one year of their last day of service.[1]

A statute is presumed to be prospective in its operation unless expressly made retrospective. *See id.* § 311.022 (Vernon 1998). A retroactive law is one that is intended to act upon things that are past. *See Aetna Ins. Co. v. Richardelle*, 528 S.W.2d 280, 284 (Tex. Civ. App.–Corpus Christi 1975, writ ref'd n.r.e.). In our opinion, sections 834.102(b)(2) and 839.102(b)(2) are prospective statutes that apply only to visiting judges who retire after January 1, 2002, before the first anniversary of the last day of service in that capacity. Both provisions use the present tense, providing that the first anniversary of a judge's last day of service "has not occurred" as of the date of retirement, thus excluding retirements that took place in the past. *See* TEX. GOV'T CODE ANN. §§ 834.102(b)(2), 839.102(b)(2). By way of comparison, in *Reames v. Police Officers' Pension Bd.*, 928 S.W.2d 628 (Tex. App.–Houston [14th Dist.] 1996, no writ), the court determined that certain amendments to the Police Officers Retirement Plan facially indicated that they were to apply retroactively. The amendments read as follows:

An employee of the city who has retired under this article,
. . . and is or *has been* transferred by action of the city . . . becomes
or *became* as of the effective date of the transfer an active member of
the plan under this article from which the person earlier retired.

*Reames*, 928 S.W.2d at 632 (citing former articles 6243g-1, § 16A and 6243g-3, § 25A of the Revised Civil Statutes, *repealed by* Act of May 17, 1999, 76th Leg., R.S., ch. 381, § 2, 1999 Tex. Gen. Laws 1386, 1403). *See* TEX. REV. CIV. STAT. ANN. arts. 6243g-4, § 19 (Vernon Supp. 2002)

---

[1]*See* Letter from Sheila W. Beckett, Executive Director, Employees Retirement System of Texas, to Honorable John Cornyn, Texas Attorney General (Feb. 12, 2002); Letter from Jerry L. Benedict, Administrative Director, Office of Court Administration, to Honorable John Cornyn, Texas Attorney General (Feb. 1, 2002) (letters on file with Opinion Committee).

(present version of provision cited by *Reames*). The court noted that the section was written in both the present and the past tense, and therefore included both current and former transferees.

We conclude that these two provisions increasing retirement benefits for visiting judges apply only to such judges who retire after the January 1, 2002 effective date of the enactment, if the first anniversary of the last day of service as a visiting judge has not occurred. *See* Tex. Att'y Gen. Op. No. C-135 (1963) (amendment to Judicial Retirement Act operates prospectively and does not affect retirement status of judge who ceased to serve as a judge and withdrew from retirement system before passage of amendment). Accordingly, sections 834.102(b) and 839.102(b) of the Government Code do not increase benefits for visiting judges who retired before the January 1, 2002 effective date of those provisions.

## S U M M A R Y

Sections 834.102(b) and 839.102(b) of the Government Code increase retirement benefits for a visiting judge who "has served as a visiting judge in this state and the first anniversary of the last day of that service has not occurred." TEX. GOV. CODE ANN. §§ 834.102(b), 839.102(b) (Vernon Supp. 2002). These provisions operate prospectively and apply only to visiting judges who retire after the January 1, 2002 effective date. They do not provide the additional benefits to a visiting judge who retired before the effective date of the provisions.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee