Rockingham County Probate Court
No. 2002-417

ESTATE OF BEATRICE A. ROBITAILLE & a.

v.

NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION

Argued: February 12, 2003
Opinion Issued: June 27, 2003

*William H.M. Beckett,* of Portsmouth, by brief and orally, for the petitioners.

*Stephen J. Judge,* acting attorney general (*Mary P. Castelli,* senior assistant attorney general, on the brief and orally), for the respondent.

*Ansell, Barradale, Newkirk, Anderson & Dwyer, P.A.,* of Bedford (*David E. Barradale & a.* on the brief), for Citizens Bank, Trustee of the Susan J. Epply Trust of April 6, 1979, as *amicus curiae.*

BRODERICK, J. The petitioners, the Estate of Beatrice Robitaille (estate) and the beneficiaries under Robitaille's will, appeal from a decision of the Rockingham County Probate Court (*Cassavechia, J.*) dismissing their challenge to a legacy and succession tax assessment by the respondent, the New Hampshire Department of Revenue Administration (department). *See* RSA 86:6 (Supp. 2002) (repealed effective January 1, 2003). We affirm.

The following facts are not disputed. Beatrice Robitaille died in April 1999, leaving property under her will to various collateral relatives, including her brother, her nieces and her nephews. Pursuant to RSA 86:6, the beneficiaries paid a total of $43,074.64 in legacy and succession taxes. The estate sought a refund from the department, challenging the statute's constitutionality. Following an administrative hearing, the department denied the refund. The estate, joined by the beneficiaries, appealed the

decision to the probate court, unsuccessfully asserting that the New Hampshire legacy and succession tax violated equal protection and privileges and immunities provisions of the State and Federal Constitutions. This appeal followed.

The petitioners argue that RSA 86:6 established an unconstitutional classification of taxpayers. Their argument is grounded in Part I, Article 12 and Part II, Article 6 of the New Hampshire Constitution and the Fourteenth Amendment to the United States Constitution. We consider their claim first under the State Constitution, relying upon federal decisions only for guidance. *See State v. Ball*, 124 N.H. 226, 231-33 (1983). Because the constitutionality of a tax is a matter of law, we review the probate court's decision *de novo*. *See City of Berlin v. County of Coos*, 146 N.H. 90, 93 (2001).

At the time of Robitaille's death, RSA 86:6, I, imposed a tax of eighteen percent on the fair market value of property within the State passing by will or in contemplation of death, with certain exceptions. The statute exempted from taxation bequests made to or for the use of a decedent's spouse, a decedent's lineal ascendants and descendants and their spouses, a decedent's adopted children and their spouses and lineal descendants; and a decedent's stepchildren of the current or most recent marriage and their spouses and lineal descendants. RSA 86:6, II(a), (b), (c), (h). The petitioners assert that the statutory classification is arbitrary, unreasonable and not rationally related to any legitimate State interest in that it exempts inheritances received by spouses of stepchildren of the deceased's most recent marriage but imposes a tax on inheritances received by the decedent's brothers, sisters, nephews and nieces.

■ In considering an equal protection challenge under our State Constitution, we must first determine the appropriate standard of review by examining the purpose and scope of the State-created classification and the individual rights affected. *LeClair v. LeClair*, 137 N.H. 213, 222 (1993). The statutory classification at issue here does not involve a suspect class such as race, creed, color, gender, national origin or legitimacy, nor does it affect a fundamental right. *See Estate of Kunkel v. United States*, 689 F.2d 408, 416 (3d Cir. 1982) (upholding inheritance tax statute that imposed higher tax rate on bequests to stepgrandchildren than on bequests to spouses, stepchildren, and children of one's adopted children). Moreover, the right to inherit is not among those rights that we have identified as important substantive rights under the State Constitution, such as the right to tort recovery and the right to use and enjoy private real property subject to zoning regulations. *See LeClair*, 137 N.H. at 222-23. We therefore apply the rational basis test, under which legislation is presumed

to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate State interest. *Id.* at 223. The party challenging the legislation has the burden to prove that the classification is arbitrary or without some reasonable justification. *Id.*

> [I]nheritances, distributive shares, and legacies are but creatures of the law; in fact, the only right to take or dispose of property by descent or devise is derived from the sovereign power of the state through its laws. Wills, therefore, and testaments, rights of inheritance and successions, are all of them creatures of the civil or municipal laws, and accordingly are in all respects regulated by them.

*Curry v. Spencer,* 61 N.H. 624, 630 (1882) (quotations omitted). Thus, the legislature has the power to impose taxes upon legacies and successions, so long as constitutional requirements are met. *Id.; see Smith v. N.H. Dep't of Revenue Admin.,* 141 N.H. 681, 686 (1997).

It is well established that our legislature has liberal powers with respect to the classification of taxable property, including the power to exempt property from taxation. *Smith,* 141 N.H. at 687. Although the legislature cannot classify taxpayers, *Opinion of the Justices,* 84 N.H. 559, 569 (1930), it can classify property as taxable and non-taxable, *Williams v. State,* 81 N.H. 341, 351 (1924), *overruled in part by Amoskeag &c. Co. v. Dartmouth College,* 89 N.H. 471, 475 (1938).

> [T]o establish the rules by which each individual's just and equal proportion of a tax shall be determined is a task of much difficulty, and a very considerable latitude of discretion must be left to the legislature on the subject. Within the limits of this discretion, as to the selection of proper subjects of taxation and the proportion of the tax that shall be laid on each subject, the authority of the legislature is, without question, supreme.

*Smith,* 141 N.H. at 687 (quotation omitted).

An exemption is proper under the legislature's taxing power so long as the legislature relies upon a distinction between the taxable and nontaxable property that is reasonable, in the sense that it may be deemed to be just. *Id.* The demand of constitutional equality in taxation anticipates some practical inequalities. *Sirrell v. State,* 146 N.H. 364, 370 (2001). Absolute mathematical equality is not obtainable in all respects if taxation is to be administered in a practical way. *Id.*

In *Thompson v. Kidder,* 74 N.H. 89, 98 (1906), we upheld a predecessor to RSA 86:6, concluding that the tax was neither unequal nor unreasonable. The statute at issue in *Thompson* exempted property

passing to or for the use of the decedent's parents, spouse, siblings, lineal descendants, adopted children and their lineal descendants, son's wife or widow, or daughter's husband. *See* Laws 1905, ch. 40. We stated:

> Whether the tax is considered as an impairment of the right of property by incumbering the right to dispose of it at death, or as a tax upon the privilege of succeeding to property at the death of the owner, it affects all citizens alike. All who own property have the same privilege of disposing of it free from any incumbrance, and the right of all to pass it to those not within the exception is subject to the same imposition. Similarly, all have an equal right to inherit if within the exception, and are equally chargeable if not.

*Thompson*, 74 N.H. at 97. In addition, we recognized that "[t]here are good reasons why the passing of property to near relatives ... should not be subject to an exaction by the state." *Id.* In a later decision, we opined that the classification sustained in *Thompson* was between taxable and non-taxable property. *Williams*, 81 N.H. at 351. In reaching that conclusion, we stated that "the legislature ha[s] power by special provision, or by omitting certain property from the taxable list, to make reasonable exemptions of property from taxation." *Id.*

▇ The petitioners argue that *Thompson* does not control here because it is unclear whether the issue of an unconstitutional classification was raised and because the statute differed from the one currently at issue. Whether or not *Thompson* is directly on point, we find its reasoning applicable and conclude that the classification at issue here is founded in reason and that, by limiting the tax to property passing to collateral relatives, the legislature has established a reasonable exemption of property from taxation.

"It is generally held that an inheritance tax law may create a distinction in favor of kindred in the direct line as against collateral kindred or strangers in blood with respect to exemptions and the rate of taxation." *In re Estate of Kittenbrink*, 264 N.W.2d 868, 870 (Neb. 1978). By providing a tax exemption for stepchildren, their spouses and their descendants, the statute places them in parity with natural and adopted children. This statutory scheme of taxation comports with the expansion in this State of the rights and duties of stepparents in recognition of the ever-changing variety of "family" or "family-like" relationships commonplace in today's society. *See* RSA 458:17, VI (1992) (right of stepparents to seek custody or visitation of stepchildren in some situations); RSA 546-A:1, :2 (1997) (obligation of stepparents to support stepchildren); *Stanley D. v. Deborah*

*D.*, 124 N.H. 138, 143 (1983) (stepparent can be awarded custody based upon the best interests of the child). Indeed, "the question of the stepchild's status ordinarily would not arise unless the stepparent had made him a beneficiary in his will; and, normally, this would not occur unless something resembling a parent-child relationship . . . exist[ed] between them." *In re Bordeaux' Estate*, 225 P.2d 433, 450 (Wash. 1950). Given the importance of fostering the family unit, providing an exemption from taxes for the stepchild named in a will is rationally related to a legitimate State interest of strengthening and preserving family relationships.

■ Accordingly, we hold that the legacy and succession tax statute did not violate the equal protection provisions of the New Hampshire Constitution. Because the Federal Constitution offers no greater protection than the State Constitution under these circumstances, *see Maxwell v. Bugbee*, 250 U.S. 525, 541-42 (1919); *LeClair*, 137 N.H. at 221-22, we reach the same result under the Federal Constitution. In light of our decision, we decline the petitioners' request for attorney's fees.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.