Hillsborough County Probate Court
No. 2006-441

## IN RE ESTATE OF ROBERT LAWRENCE SHAREK

Argued: March 15, 2007
Opinion Issued: August 22, 2007

*Vincent A. Wenners, Jr.,* of Manchester, by brief and orally, for the appellant.

*Dow's Law Office, P.A.,* of Norway, Maine (*Edward L. Dilworth, III* on the brief and orally), for the appellee.

HICKS, J. The appellant, M. Georgette Sharek, the former wife of the decedent, Robert Lawrence Sharek, and the named executrix in his will, appeals a decision of the Hillsborough County Probate Court (*Patten,* J.) applying RSA 551:13, II (2007) to revoke her interest under the decedent's will. We affirm.

The trial court found the following facts. The appellant and the decedent were married on July 1, 1963, and divorced on April 20, 1983. They had no children. The decedent's will was executed on August 24, 1982, and left, after payment of debts, taxes and expenses, the remainder of his estate to the appellant if she survived him. If the appellant were to predecease the decedent, the will provided for two specific bequests and then left the remainder of the estate to the appellant's parents if they survived the

decedent. They did not survive him. Following another series of specific bequests, the provision of the will here at issue left the remainder of the decedent's estate to his brother-in-law, Raymond J. LaPlante, the appellee in this case.

In 1998, the legislature enacted RSA 551:13, II, *see* Laws 1998, 127:1, which currently provides, in pertinent part:

> If after executing a will the testator is divorced or the marriage is annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as executor, trustee, conservator, or guardian, unless the will expressly provides otherwise. Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse and all heirs in the descending line of such former spouse who are not also heirs at law of the decedent failed to survive the decedent, and other provisions conferring some power or office on the former spouse are interpreted as if the spouse and all heirs in the descending line of such former spouse who are not also heirs at law of the decedent failed to survive the decedent.

The statute, in substantial part, tracks the language of Section 2-508 of the Uniform Probate Code. Unif. Prob. Code § 2-508 (revised 1993), 8 U.L.A. 376 (1998). "The gist of this statute is to incorporate into law the presumed intent of a testator that any disposition in a will benefitting a spouse should be terminated in the event of the dissolution of their marriage." *Matter of Will of Reilly*, 493 A.2d 32, 33 (N.J. Super. Ct. App. Div. 1985).

On August 12, 2005, the decedent died. The appellant, the named executor in the decedent's will, filed the petition for estate administration and petitioned the court for instructions as to the effect of RSA 551:13, II. The trial court initially entered an order under which the appellant would have been the "sole residuary beneficiary under the will." Upon reconsideration, however, the court reversed itself and, ruling that RSA 551:13, II applied, suspended the appellant's appointment as estate administrator pending the appellee's petition for appointment within thirty days.

On appeal, the appellant argues that the trial court erred in applying RSA 551:13, II retrospectively. We will uphold the trial court's decision "unless it is unsupported by the evidence or tainted by error of law." *Eldridge v. Eldridge*, 136 N.H. 611, 613 (1993).

Although the appellant does not cite to the State Constitution, the prohibition against retrospective laws is contained in Part I, Article 23 thereof. We have interpreted that provision "to mean that every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." *In the Matter of Goldman & Elliott*, 151 N.H. 770, 772 (2005) (quotation omitted).

The question arises whether the trial court's decision may be considered a retrospective application of RSA 551:13, II at all, as the testator's death occurred after the statute's enactment. *See Loveren v. Lamprey*, 22 N.H. 434, 449 (1851) (application of statute enacted after execution of will but prior to death was not retrospective because the will did not take effect until the testator's death). We need not overly concern ourselves with whether the statute was actually applied prospectively or retrospectively, however, because even assuming, without deciding, a retrospective application, we conclude that it is a valid and permissible one.

On its face, RSA 551:13, II does not indicate whether it is to apply prospectively or retrospectively. "When the legislature is silent as to whether a statute should apply prospectively or retrospectively, our interpretation turns on whether the statute affects the parties' substantive or procedural rights. There is a presumption of prospectivity when a statute affects substantive rights." *In the Matter of Donovan & Donovan*, 152 N.H. 55, 63 (2005) (citation omitted). In addition, as indicated in our previously-cited interpretation of Part I, Article 23, the prohibition against retroactive legislation may be considered in terms of its effect upon vested rights:

Unless otherwise inhibited by either the State or Federal Constitutions, the Legislature may change existing laws, both statutory or common, at its pleasure, but in so doing, it may not deprive a person of a property right theretofore acquired under existing law. Those rights are designated as vested rights, and to be vested, a right must be more than a mere expectation based on an anticipation of the continuance of existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another.

*Goldman*, 151 N.H. at 774 (quotation omitted).

The trial court ruled that RSA 551:13, II could be applied retrospectively because the appellant's expectation of taking under the

decedent's will was not a vested right. We agree. *See Morse v. Alley*, 638 S.W.2d 284, 287 (Ky. Ct. App. 1982) (superseded by statute on other grounds) (no property rights in takers under will had vested at the time of testator's divorce); *Buehler v. Buehler*, 425 N.E.2d 905, 906 (Ohio Ct. App. 1979) (application of revocation-upon-divorce statute did not violate constitutional prohibition against retroactive laws because "[a] beneficiary under a will, until the death of the testator, has nothing more than a mere expectation of receiving property"). *But see In re Succession of Martinez*, 729 So. 2d 22, 25 (La. Ct. App. 1999) (stating revocation-upon-divorce statute affected vested rights and could not be applied retroactively). "[A] mere expectancy of future benefit, or a contingent interest in property founded on anticipated continuance of existing laws, does not constitute a vested right." *Goldman*, 151 N.H. at 774 (quotation omitted).

The appellant argues, however, that the trial court's focus was misplaced because the substantive right affected is the testator's rather than the beneficiary's. She contends that it was "[t]he testator's right, under then existing laws, to name whomever he wishes to be his residuary beneficiary, [that] was eliminated with the retroactive application" of RSA 551:13. Even assuming, without deciding, that the inquiry should focus upon the testator rather than the beneficiary, the purported "right" to name a residuary beneficiary is no more vested than a devisee's or legatee's expectation of taking under a will.

> Inheritances, distributive shares, and legacies are but creatures of the law; in fact, the only right to take or dispose of property by descent or devise is derived from the sovereign power of the state through its laws. Wills, therefore, and testaments, rights of inheritance and successions, are all of them creatures of the civil or municipal laws, and accordingly are in all respects regulated by them.

*Estate of Robitaille v. N.H. Dep't. of Rev. Admin.*, 149 N.H. 595, 597 (2003) (quotation and brackets omitted). Thus, because wills are creatures of statute and "the individual citizen . . . has no vested interest in the existing laws of the State as precludes their amendment or repeal by the legislature," *Goldman*, 151 N.H. at 773 (quotation omitted), we find no impediment, based upon the testator's "right" to bequeath property, to retrospective application of RSA 551:13.

The appellant further argues that RSA 551:13, II may not be retrospectively applied because it affects substantive rights in that it eliminates a right (the right of the testator to devise his property to whomever he wishes) and creates a new duty (the duty to execute a new

will post-divorce if the testator still wishes to devise property to his former spouse). *Cf. Eldridge*, 136 N.H. at 615 (applying retrospectively statute which "neither create[d] any new obligations nor establishe[d] any new duties"). We agree that in the substantive/procedural dichotomy, we would categorize the purported "rights" at issue as substantive rather than procedural. We nevertheless conclude that retrospective application would be permissible because, "[i]n the final analysis[,] . . . the question of retrospective application rests on a determination of fundamental fairness, [as] the underlying purpose of all legislation is to promote justice." *Donovan*, 152 N.H. at 63 (quotation and brackets omitted). As discussed above, neither the testator's nor the beneficiary's "rights" are vested, and we cannot say that any new duty created is fundamentally unfair.

> [The statute] merely shifts to the testator the burden of taking the affirmative action to reverse the intent implicit in the law. The [legislature], in evaluating the advisability of changing the law, undoubtedly concluded that the number of forgetful testators who would be benefited by the statute far exceeded the number of careful testators who might be inconvenienced by its enactment. We perceive no reason why the beneficial effect of the statute should be denied to those whose divorces have antedated its enactment.

*Papen v. Papen*, 224 S.E.2d 153, 155-56 (Va. 1976).

Finally, we note that a majority of other jurisdictions appear to be in accord with our holding. The Superior Court of New Jersey, examining retroactivity as an issue of first impression, noted that "several other jurisdictions which have adopted Section 2-508 of the Uniform Probate Code have addressed this issue and have uniformly rejected the retroactivity claim." *Will of Reilly*, 493 A.2d at 34-35. Like the New Jersey Court, *id.* at 35, we agree with the reasoning in *Papen*:

> In enacting [the revocation-upon-divorce provision,] the obvious purpose of the [legislature] was to incorporate into statute the presumed intent of a testator that any provision in his will for the benefit of his spouse be terminated in the event of their divorce. The [legislature] was not precluded from making this presumed intent apply to all divorces of all testators thereafter dying, and not just to divorces obtained after the change in the law became effective. Indeed, if the statute is so construed, the resulting uniform, nondiscriminatory, and conclusive presumption of testamentary intent, universal in application and without prejudice to the rights or claims of

anyone, would appear better to fulfill the legislative purpose than would a more restrictive construction.

We find nothing in the wording of [the statute] to indicate any legislative intent that it be given limited application. It was a statutory declaration of public policy concerning wills of divorced testators, which provided, without condition, reservation, or qualification, that a divorced spouse is to be denied any benefits under a will executed prior to divorce. If the [legislature] had intended the statute to apply only to subsequent divorces it could have so stated.

*Papen*, 224 S.E.2d at 155.

Finding no error in the trial court's application of RSA 551:13, II to this case, we uphold its decision.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.