# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0031, <u>Michael Sklader & a. v. Richard Callahan</u>, the court on June 13, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The plaintiffs, Michael Sklader and Susan Armstrong, appeal an order of the Superior Court (<u>Leonard</u>, J.) entering judgment in favor of the defendant, Richard Callahan, in this dispute over docking space. We affirm.

The trial court found the following facts. The parties own abutting properties on Lake Winnipesaukee. The defendant owns three boat docks to the north of a boathouse owned by the plaintiffs. In May 2022, the defendant placed a jet ski lift on his southernmost dock such that it prevented the plaintiffs from docking a boat on the north side of their boathouse. The plaintiffs filed this action seeking removal of the jet ski lift and damages for lost rental income for their north-side docking space.

Following a bench trial, the trial court concluded that "the plaintiffs are not entitled to dock on the northside dock of their boathouse" pursuant to RSA 482-A:3, XIII. That statute provides, in relevant part:

> Boat docking facilities may be perpendicular or parallel to the shoreline or extend at some other angle into a water body, depending on the needs of the landowners, factors related to safe navigation, and the difficulty of construction. However, any boat secured to such a dock shall not extend beyond the extension of the abutter's property line.

RSA 482-A:3, XIII(b) (2024). Noting that the plaintiffs' land is "bounded to the north by the defendant's property," the court concluded: "Therefore, any boat the plaintiffs dock on the northside dock necessarily crosses into the defendant's property in violation of RSA 482-A:3, XIII(b)." As a result, the court enjoined the plaintiffs from docking on the north side of their boathouse. This appeal followed.

When reviewing a trial court's decision issued after a trial on the merits, "we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous." <u>Jesurum v. WBTSCC Ltd. P'ship</u>, 169 N.H. 469, 476 (2016). "[W]e review the trial court's application of the law to the facts <u>de novo</u>." <u>Id</u>.

The plaintiffs assert that they and their predecessors in interest had "exercise[d] . . . their littoral rights as the boathouse owners" by "docking boats on their north exterior dock slip for at least 46 years prior to this action." They contend that the trial court erred in concluding that RSA 482-A:3, XIII(b) codified the common law of littoral rights, and argue that, to the contrary, the statute "substantially narrowed the common law scope of littoral rights and, as such, cannot be applied retrospectively to bar a use that had been in existence for decades prior to its enactment." See N.H. CONST. pt. I, art. 23.

In Heston v. Ousler, 119 N.H. 58 (1979), we "adopt[ed] a rule of reasonable use as the guidepost in adjudging the permissible exercise of a shorefront owner's littoral rights." Heston, 119 N.H. at 62. Under that "rule of reasonableness," one shorefront owner's exercise of his littoral rights "must be restricted so as not to interfere with the correlative rights of other littoral owners." Id. We held that the trial court in that case "incorrectly ruled that the parties have fixed littoral dominions that may be ascertained by a simple extension of their upland boundary lines." Id. at 62. Accordingly, to the extent that the statute utilizes "the extension of the abutter's property line," RSA 482-A:3, XIII(b), to limit a shorefront owner's exercise of littoral rights, the plaintiffs are correct that it alters, rather than codifies, the common law.

Nevertheless, we disagree with the plaintiffs' contention that the trial court's application of RSA 482-A:3, XIII(b) "violate[s] the New Hampshire Constitution's ban on retrospective laws." "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." N.H. CONST. pt. I, art. 23. "[E]very statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." In the Matter of Goldman & Elliott, 151 N.H. 770, 772 (2005) (quotation omitted). To be considered a vested right, "a right must be more than a mere expectation based on an anticipation of the continuance of existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another." Id. at 774 (quotation omitted).

We conclude that the plaintiffs' claim to maintain the disputed use of their north-side dock is merely a desire for the continuance of the rule that existed prior to the enactment of RSA 482-A:3, XIII(b). Indeed, they assert that "the only equitable solution is for a court to order that both parties have the use and enjoyment of their docks, and neither party may unreasonably interfere with the other's use." "[A] mere expectation based on an anticipation of the continuance of existing law," however, is not a vested right. Id.

2

Nor can the plaintiffs claim a vested right to use the disputed littoral area by prescription. The trial court noted that the plaintiffs had never moved to amend their complaint to assert a claim for prescription, and that, at trial, counsel for the plaintiffs represented that they are "not asserting a prescriptive easement on somebody else's water as it is state water." Following trial, the plaintiffs raised a prescription claim in their request for proposed findings of fact and rulings of law and the supporting memorandum of law. The trial court concluded, however, that "[a]t this stage in the litigation of this action, it would be unjust to allow the plaintiffs to pursue a legally ambiguous claim, after representing [they] would not do so and depriving the defendant of the opportunity to fully address any such claim through the submission of evidence." We discern no error. See Tessier v. Rockefeller, 162 N.H. 324, 340 (2011) (observing that whether to allow a party to amend their pleadings rests in the sound discretion of the trial court, and that we will not disturb the court's decision absent an unsustainable exercise of discretion). Because the plaintiffs have demonstrated neither a prescriptive nor vested right to dock on the north side of their boathouse, their constitutional argument fails.

Finally, the plaintiffs argue that the trial court erred as a matter of equity by enjoining them from docking along the north-side dock of their boathouse. They contend, among other things, that the trial court's decision is not supported by sufficient evidence. We disagree.

"The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case." Cook v. Sullivan, 149 N.H. 774, 782 (2003). "We will uphold a trial court's equitable order unless its decision constitutes an unsustainable exercise of discretion." Id.

As discussed above, the trial court found that any boat docked on the plaintiffs' north-side dock necessarily encroaches on the defendant's property rights adjacent to his shorefront. Further, given the limited space between the parties' docks, the court found that it would be difficult, and lead to a high risk of damage, "for both parties to have full use and enjoyment of the area between their docking structures simultaneously." Accordingly, the trial court concluded that "sharing the space between the docks is not a safe or workable option for the parties," and therefore enjoined the plaintiffs from docking along the north-side dock of their boathouse. Based upon our review, these findings are supported by evidence in the record, and "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Jesurum, 169 N.H. at 476 (quotation omitted). To the extent that the plaintiffs also argue that the trial court's decision is unreasonable because it exceeds the scope of their requested relief, we note that the defendant specifically requested the relief awarded by the trial court. Regardless, "once a right to equitable

3

relief has been established, the powers of the Trial Court are broad and the means flexible to shape and adjust the precise relief to the requirements of the particular situation." <u>Webb v. Rye</u>, 108 N.H. 147, 153 (1967).

<u>Affirmed</u>.

DONOVAN, and COUNTWAY, JJ., concurred; NADEAU, J., retired superior court chief justice, specially assigned under RSA 490:3, II, concurred.

**Timothy A. Gudas,**
**Clerk**