Cheshire
No. 2004-005

## PETITION OF CHARLES R. BEAUREGARD, JR. & a.

Argued: September 9, 2004
Opinion Issued: October 6, 2004

*Bradley, Burnett, Kinyon, Fernald & Green, P.A.*, of Keene (*Beth R. Fernald* on the brief and orally), for the petitioner.

*Goodnow, Arwe, Ayer, Prigge, Hoppock & Kane, P.C.*, of Keene (*Joseph S. Hoppock* on the brief and orally), for the respondent.

DALIANIS, J. The respondent, the Monadnock Regional School District (Monadnock), appeals an order of the Superior Court (*Morrill*, J.) appointing an agent and directing that agent to convey the Wilcox School property to the Town of Swanzey (Town) pursuant to RSA 195:16-c (1999) (amended 2003). We reverse and remand.

The current litigation stems from a long-running dispute between the Town and Monadnock. *See Town of Swanzey v. Monadnock Regional School District*, No. 95-E-0013 (Cheshire County Superior Ct. Mar. 31, 1999) (*Swanzey*). In 1925, Allen C. Wilcox deeded real estate located in Swanzey Center to the Swanzey School District. The Wilcox School was constructed on the property and used for educational purposes. In 1962, the Swanzey School District joined other school districts in forming the cooperative Monadnock Regional School District. At the time of its dissolution, the Swanzey School District owned three schools, including the Wilcox School, and formally appraised and transferred two of those school buildings to Monadnock. The Wilcox School was not, however, formally appraised and transferred, and no records can be found indicating what action, if any, the Swanzey School District took with regard to the Wilcox School property. Nonetheless, Monadnock took over the use of and financial responsibility for the Wilcox School at the time of the dissolution.

Litigation surrounding ownership of the Wilcox School began in 1995, when the Town initiated legal proceedings for a declaration that it was entitled to ownership rights in the Wilcox School. In *Swanzey*, the Superior Court (*Mangones*, J.) ruled that neither the Town nor Monadnock demonstrated legal ownership of the Wilcox School, and that record title remained in the name of the nonexistent Swanzey School District. *Swanzey* was not appealed.

In 2000, the petitioners, Charles E. Beauregard, Jr., Robert A. Beauregard, and Francis Faulkner, Jr., who were then selectmen of the Town, filed a petition under RSA 195:16-c seeking the appointment of an agent to act on behalf of the former Swanzey School District for the purpose of disposing of the Wilcox School property. Although RSA 195:16-c was not enacted until 1963, a year after the Swanzey School District dissolved, the trial court found that the statute applied retroactively, and concluded that the appointment of an agent was proper. Thus, the court appointed an agent "to dispose of the Wilcox School in the best interests of

the members of the former Swanzey School District by conveying the property to the Town of Swanzey."

Monadnock appeals the court's order, arguing that it erred by directing an agent to convey the property to the Town because, under RSA 195:6, I (1999), the property properly belongs to Monadnock. The petitioners, on the other hand, argue that RSA 195:16-c, alone, governs this dispute. For the reasons that follow, we agree with Monadnock.

In 1963 the legislature enacted comprehensive legislation designed to revise and simplify the procedures that create cooperative school districts. *See* N.H.S. JOUR. 794 (1963). As part of that simplification, the legislature enacted RSA 195:6, I, which now states:

> Whenever a cooperative school district assumes all the functions of a pre-existing district, it shall also assume the outstanding indebtedness and obligations thereof as of the date of operating responsibility; and on such date of operating responsibility the pre-existing districts shall be deemed dissolved, and any and all assets, property and records thereof not previously disposed of shall vest in the cooperative school district, unless otherwise provided in the articles of agreement or existing arrangements.

The legislature also enacted RSA 195:16-c, which now states:

> If there shall arise an occasion which shall require the doing of any act or thing by or in behalf of a pre-existing district which has ceased to exist by reason of its inclusion in a cooperative school district, the superior court shall have the power, upon application of 3 registered voters residing in the territory of the pre-existing school district, to appoint an agent who, subject to the approval of the superior court, shall have the power on behalf of and in the name of the pre-existing school district to do any act or thing that may be just under the circumstances.

The question to be answered in this case is whether RSA 195:6, I, and RSA 195:16-c are remedial statutes that apply retroactively, and, if so, how to apply them. We are the final arbiter of the meaning of a statute as expressed in the words of the statute itself. When construing the meaning of a statute, we first examine the language found in the statute and, where possible, ascribe the plain and ordinary meanings to words used. When the language used in the statute is clear and unambiguous, its meaning is not subject to modification by judicial construction. *In re Sandra H.*, 150 N.H. 634, 641 (2004).

When, as in this case, the legislature is silent as to whether a statute should apply prospectively or retrospectively, our interpretation turns upon whether the statute affects the parties' substantive or procedural rights. *State v. Hamel*, 138 N.H. 392, 394 (1994). The general rule is that where a law affects substantive rights and liabilities, it is presumed to apply only to future causes of action. *Id.* This presumption reverses, however, when the statute is determined to affect only procedural or remedial rights of a party. *Id.* Unlike statutes affecting substantive rights, those affecting procedural or remedial rights are usually deemed to apply retroactively to accrued cases not yet filed or those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains. *See id.*; *Cruz v. Liberty Mut. Ins. Co.*, 889 P.2d 1223, 1225 (N.M. 1995).

We begin our analysis by determining whether RSA 195:6, I, and RSA 195:16-c are remedial in nature. "A remedial statute is one designed to cure a mischief or remedy a defect in existing laws . . . ." *Carter v. Fred's Plumbing & Heating Inc.*, 816 A.2d 490, 493 (Vt. 2002) (quotation omitted); *see also Wallace v. Stearns*, 96 N.H. 367, 369 (1950). RSA 195:16-c, added in the 1963 revision, is a catch-all provision designed to provide a remedy for any situation in which a pre-existing school district, *i.e.*, one that was merged into a cooperative school district and no longer exists, needs to take any action, but cannot take such action because it has been dissolved. Similarly, RSA 195:6, I, was designed to provide a remedy for the situation in which a school district has dissolved, but, for some reason, had not previously disposed of any and all assets, property and records. We find that both RSA 195:16-c and RSA 195:6, I, merely provide remedies that simplify the procedures for creating cooperative school districts, and remedy defects in the pre-existing law. Neither RSA 195:6, I, nor RSA 195:16-c evinces a legislative intent for prospective application. We note, by contrast, that in RSA 195:18 (Supp. 1963), enacted in the same legislation as RSA 195:6, I, and RSA 195:16-c, *see* Laws 1963, ch. 258, the legislature expressed its intent for prospective application by stating, "After June 30, 1963, cooperative school districts shall be organized solely in accordance with the following procedure," and entitling the section, "Cooperative School Districts Hereafter Formed." Thus, we conclude that RSA 195:6, I, and RSA 195:16-c are remedial in nature and, absent legislative intent to the contrary, apply retroactively.

We now turn to the issue of applying these statutes to the facts of this case. The petitioners argue for the application of RSA 195:16-c alone, and ask us to uphold the trial court's order appointing an agent and

directing that agent to transfer the property to the Town. We interpret statutes, however, in the context of the overall statutory scheme and not in isolation. *In the Matter of Barrett & Coyne*, 150 N.H. 520, 523 (2004). RSA 195:6, I, and RSA 195:16-c are component parts of a broader statutory scheme and, thus, work together as integral parts of the statute to generate a result. RSA 195:6, I, provides that whenever a cooperative school district assumes all the functions of a pre-existing district, "any and all assets, property and records thereof not previously disposed of shall vest in the cooperative school district, unless otherwise provided in the articles of agreement or existing arrangements." In this case, Monadnock assumed all the functions of the pre-existing Swanzey School District. The Wilcox School was not disposed of prior to the dissolution. In accordance with RSA 195:6, I, and absent any contrary provision in the articles of agreement or then-existing arrangements, we hold that the Wilcox School property vested in Monadnock at the time of the dissolution of the Swanzey School District.

At oral argument, the petitioners argued that Monadnock is barred by the doctrine of collateral estoppel from arguing that RSA 195:6, I, applies to its case. The petitioners did not, however, present this argument in their brief; nor was it raised below and considered by the superior court. We, therefore, do not reach the merits of the petitioners' argument. *See State v. Scovill*, 144 N.H. 409, 414 (1999).

RSA 195:16-c provides for the appointment of an agent "if there shall arise an occasion which shall require the doing of any act or thing by or in behalf of a pre-existing district which has ceased to exist by reason of its inclusion in a cooperative school." Furthermore, that agent "shall have the power on behalf of and in the name of the pre-existing school district to do any act or thing that may be just under the circumstances." RSA 195:16-c. In this case, such an occasion has arisen, *i.e.*, the need to convey the property from the pre-existing Swanzey School District to the now existing Monadnock Regional School District. Because we hold that RSA 195:16-c applies retroactively, it applies here even though the Swanzey School District dissolved prior to the enactment of RSA 195:16-c. On remand, the trial court shall order the appointment of an agent and direct that agent to convey the property to Monadnock, and make any further orders that are consistent with this opinion and necessary to the resolution

450

of this case, which may include the appraisal and assessment of such property, *see* RSA 195:9.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.