Rockingham
No. 2005-211

### K & B ROCK CRUSHING, LLC *& a.*

v.

### TOWN OF AUBURN

Submitted: March 16, 2006
Opinion Issued: May 19, 2006

*Hebert & Uchida, PLLC*, of Concord (*Richard Y. Uchida* and *Quentin J. Blaine* on the brief), for the petitioners.

*Wadleigh, Starr & Peters, PLLC*, of Manchester (*Dean B. Eggert* on the brief), for the respondent.

*Gottesman & Hollis, PA*, of Nashua (*Anna B. Hantz* on the memorandum of law), for intervenors Canedy, Canedy, and Chalmers.

*Stephen Blaha*, by brief, as intervenor, *pro se*.

GALWAY, J. The respondent, Town of Auburn (town), appeals a decision of the Superior Court (*Morrill*, J.) ruling that the petitioners, K & B Rock Crushing, LLC and Keith Babb, were entitled to submit to the Town of Auburn Planning Board (board) an application for a permit to excavate 5.5 acres. We reverse.

The record supports the following facts. The petitioners applied to the board for a permit to excavate and crush rock on a tract of land in Auburn. The application stated that 5.5 acres of the land would be excavated over twelve years, with "Phase I" involving excavation of approximately 1.6 acres. After proceedings not relevant to the issue before us, the board ruled that the petitioners' application was complete only for a 1.6-acre excavation. Without filing a motion for rehearing, the petitioners directly appealed to the superior court. The town moved to dismiss, arguing that the superior court lacked jurisdiction to hear the appeal because the petitioners did not first move for a rehearing before the board. The court denied the town's motion, and ruled that the petitioners were entitled to submit an application for 5.5 acres of excavation to the board.

On appeal, the town argues, among other things, that the petitioners were required to move for a rehearing before the board as a prerequisite to their appeal to the superior court. The petitioners respond that RSA 155-E:9 (2002), which provides for appeals from an excavation permit proceeding, did not require them to move for a rehearing before appealing to the superior court. They assert that RSA 155-E:9 allows direct appeal to the superior court when the planning board is the body authorized to issue excavation permits.

In considering the town's motion to dismiss, "our standard of review is whether the allegations in the [petitioners'] pleadings are reasonably susceptible of a construction that would permit recovery. We assume the [petitioners'] pleadings to be true and construe all reasonable inferences drawn therefrom most favorably to [them]." *In the Matter of Juvenile 2004-789*, 153 N.H. 332, 334 (2006) (quotation omitted). In deciding the motion to dismiss, the superior court was essentially asked to construe RSA 155-E:9. Thus, this appeal presents a question of law, which we review *de novo. See id.*

In matters of statutory interpretation, "[w]e are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used." *Woodview Dev. Corp. v. Town of Pelham*, 152 N.H. 114, 116 (2005) (citation omitted).

RSA 155-E:9, which is entitled "Appeal" and which governs the procedure for appeals from decisions on excavation permits, provides as follows:

> If the regulator disapproves or approves an application for an excavation permit or an application for an amended permit, any interested person affected by such decision may appeal to the regulator for a rehearing on such decision or any matter determined thereby. . . . Any person affected by the regulator's decision on a motion for rehearing to the regulator may appeal in conformity with the procedures specified in RSA 677:4-15.

"Regulator" is defined in relevant part in RSA 155-E:1, III (Supp. 2005) as:

> (a) The planning board of a city or town, or if a town at an annual or special meeting duly warned for the purpose so provides, the selectmen of the town or the board of adjustment; or
>
> (b) If there is no planning board, the selectmen of the town or the legislative body of the city . . . .

RSA 155-E:9 clearly sets forth the procedure to appeal an excavation permit decision. The statute states that if an interested person affected by the regulator's decision wishes to appeal the regulator's decision, he may do so by moving for a rehearing. If that person then wishes to appeal the regulator's *rehearing* decision, he may appeal in conformity with RSA 677:4-:15 (1996 & Supp. 2005), which generally govern appeals to the superior court. *See* 15 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE PLANNING AND ZONING § 36.17, at 522-23 (2000) (stating that, under

RSA 155-E:9, the "aggrieved party must file for a rehearing before going to Superior court"). Nothing in the statute authorizes an interested person to appeal the regulator's *initial* decision in conformity with the procedures specified in RSA 677:4-:15, yet that is what the petitioners did in this case.

■ The petitioners argue that because the "regulator" was a planning board in this case, the petitioners were allowed to appeal the initial decision directly to the superior court without the necessity of moving for a rehearing. They rely upon RSA 677:15 (Supp. 2005), which states, in relevant part: "Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part . . . ." Although RSA 677:15 provides for direct appeals to the superior court from planning board decisions involving plats or subdivisions, the plain language of RSA 155-E:9, involving decisions on excavations, makes clear that an appeal of an excavation permit decision to the superior court in conformity with RSA 677:4-:15 is authorized only when a "person affected by the regulator's decision on a motion for *rehearing* to the regulator" chooses to appeal. RSA 155-E:9 (emphasis added). The petitioners seek to apply the appeal procedures in RSA 677:15 to a person affected by the board's *initial* decision on an application for an excavation permit. RSA 155-E:9 does not incorporate the provisions of RSA 677:4-:15 at that stage of the proceeding. Thus, even if we assume that the petitioners are correct that the procedures in RSA 677:15 govern when the regulator is a planning board, the petitioners still failed to follow the proper procedure established by RSA 155-E:9.

We additionally note that RSA 155-E:9 is a specific grant of authority to municipalities to regulate a particular land use. *Town of Goffstown v. Thibeault*, 129 N.H. 454, 458-59 (1987). "[T]he regulation of earth excavation [is] an exercise of the police and general welfare powers of the towns, exclusive of the authority granted by the zoning enabling legislation." *Id.* at 457. The legislature's placement of the excavation statute in Title XII, governing public safety and welfare, instead of in Title LXIV, which governs land planning and zoning, shows the legislature's intent to grant authority independent of the zoning enabling laws. *Id.* at 458. It would be contrary to the statutory scheme to apply appeal procedures established in the zoning laws that conflict with the specific procedures in RSA 155-E:9.

The petitioners next argue that RSA 155-E:9 allows an applicant to move for a rehearing before the regulator prior to appealing to the superior court, but does not require such a motion. If the legislature

wanted to require a motion for rehearing, the petitioners argue, the legislature would have incorporated RSA 677:3 (1996) into RSA 155-E:9, or included similar language in RSA 155-E:9. RSA 677:3 states, in relevant part, "No appeal from any order or decision of the zoning board of adjustment, a board of appeals, or the local legislative body shall be taken unless the appellant shall have made application for rehearing as provided in RSA 677:2 . . . ."

■ We are not persuaded. The legislature did not need to include in RSA 155-E:9 the language used in RSA 677:3 to require motions for rehearing. RSA 155-E:9 clearly instructs as to how interested persons are to appeal a regulator's approval or disapproval of an excavation permit. The legislature's decision to incorporate the procedures specified in RSA 677:4-:15 instead of :3-:15 does not mean that the legislature intended rehearings to be optional. The plain language of RSA 155-E:9 provides that an interested person who wishes to appeal a regulator's initial ruling may do so by appealing for a rehearing; only persons who wish to appeal a regulator's ruling on a motion for rehearing are authorized to appeal in conformity with the procedures in RSA 677:4-:15. Since the procedures in RSA chapter 677 do not apply until *after* a motion for rehearing has been ruled upon, the incorporation of the language at issue in RSA 677:3 would be superfluous.

■ Finally, the petitioners make a brief argument that, though the board "denied" their initial application, the board never "disapproved" it as stated in RSA 155-E:9, which allowed the petitioners to appeal directly to the superior court. This argument lacks merit, as the petitioners articulate no distinction between a denial and a disapproval, and we can find none. Further, the petitioners provide no support for their argument that the disapproval of a permit requires a motion for rehearing, but a denial allows a petitioner to appeal directly to the superior court. Because the board denied the petitioners' application, it was incumbent upon them to apply for a rehearing pursuant to RSA 155-E:9 before appealing to the superior court.

We conclude that the trial court lacked jurisdiction to hear the petitioners' appeal because they did not follow the appeal procedure required by RSA 155-E:9. The trial court's denial of the town's motion to dismiss was thus in error. Accordingly, we need not address the remaining issues raised on appeal.

*Reversed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.