Brentwood Family Division
No. 2007-240

IN THE MATTER OF RUTH KENICK AND WAYNE BAILEY

Submitted: September 19, 2007
Opinion Issued: October 18, 2007

*Susan V. Denenberg*, of Portsmouth, by brief, for the petitioner.

*Bosen & Springer, PLLC*, of Portsmouth (*Jonathan S. Springer* on the brief), for the respondent.

DALIANIS, J. The petitioner, Ruth Kenick, appeals an order of the Brentwood Family Division (*Hurd*, J.) granting a motion filed by the respondent, Wayne Bailey, to dismiss her request for alimony. We affirm.

The record supports the following facts: The parties were married in 1983 and divorced in 1996. When they divorced, they stipulated that neither would pay alimony to the other. In October 2006, the petitioner

filed a motion to bring forward, requesting alimony because a recent medical condition allegedly prevents her from working. The respondent moved to dismiss, arguing that RSA 458:19, I (Supp. 2006) barred the petitioner's motion. The trial court dismissed the petitioner's motion, and this appeal followed.

In considering a motion to dismiss, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. *K & B Rock Crushing v. Town of Auburn*, 153 N.H. 566, 568 (2006). We assume the petitioner's pleadings to be true and construe all reasonable inferences drawn therefrom most favorably to her. *Id.* We need not assume the truth of statements in the petitioner's pleading, however, that are merely conclusions of law. *Id.*

The petitioner argues that the trial court erred in applying RSA 458:19, I, retroactively because she has substantive rights at stake and depriving her of them violates Part I, Article 23 of the State Constitution.

Before RSA 458:19, I, was amended in 2001, a party could seek alimony at any time after a divorce became final. *See* RSA 458:19, I (Supp. 2000). In 2001, the legislature amended RSA 458:19, I, by requiring that motions for alimony be brought "within 5 years of the decree of nullity or divorce." Laws 2001, 246:2. The issue in this case is whether the amended version of RSA 458:19, I, barred the petitioner's alimony request because she brought it more than five years after the parties' divorce.

In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Donovan & Donovan*, 152 N.H. 55, 58 (2005). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.*

The petitioner asserts that the plain language of RSA 458:19 (Supp. 2006) demonstrates that the legislature intended RSA 458:19, I, to apply prospectively. To support this contention, she relies upon RSA 458:19, VII, which was added to RSA 458:19 in 2001 when RSA 458:19, I, was amended. RSA 458:19, VII provides:

> In cases where the court issues an order for permanent alimony for a definite period of time, such order may be renewed, upon the petition of either party, provided that such petition is made within 5 years of the termination date of the permanent alimony order. Nothing in this paragraph shall be construed to change or alter in any way the terms of the original alimony order.

The petitioner contends that although RSA 458:19, I, does not contain the same language, the language nonetheless demonstrates that the legislature intended RSA 458:19, I, to apply prospectively.

We interpret legislative intent from the statute as written, and, therefore, we will not consider what the legislature might have said or add words that the legislature did not include. *Donovan*, 152 N.H. at 58. While we assume, without deciding, that the legislature intended the 2001 enactment of RSA 458:19, VII to apply prospectively, that same language was not included in the contemporaneous amendment to RSA 458:19, I, and as such, has no bearing in our analysis.

▆▆▆ When, as in this case, the legislature is silent as to whether a statute should be applied prospectively or retroactively, our interpretation turns upon whether the statute affects the parties' substantive or procedural rights. *Id.* at 63. "[T]here is a presumption of prospectivity when a statute affects substantive rights. This presumption . . . is reversed . . . when the statute is remedial in nature or affects only procedural rights. In that case, retrospective application is not unjust." *Eldridge v. Eldridge*, 136 N.H. 611, 613 (1993) (citations omitted). "Unlike statutes affecting substantive rights, those affecting procedural or remedial rights are usually deemed to apply retroactively to accrued cases not yet filed or those pending cases which on the effective date of the statute have not yet gone beyond the procedural stage to which the statute pertains." *Petition of Beauregard*, 151 N.H. 445, 448 (2004).

▆▆▆ We begin our analysis by determining whether RSA 458:19, I, is remedial in nature. *See id.* "A remedial statute is one designed to cure a mischief or remedy a defect in existing laws." *Id.* (quotation and ellipsis omitted). Here, the bill to amend RSA 458:19, I, was introduced in the Senate with a curative purpose:

> Currently there is no limitation on when a spouse could come back to court for alimony. When a couple divorces, the process takes into consideration all of the possessions and assets of the couple and awards them accordingly. After a divorce, there must be some time when people are ready to move on with their lives and say the marriage is over.

N.H.S. JOUR. 1275 (2001). By establishing a five-year time limit under RSA 458:19, I, the legislature remedied a perceived defect in the law that had allowed divorced parties to seek alimony indefinitely. *See id.* We conclude, therefore, that RSA 458:19, I, is remedial in nature and that it applies retroactively.

The petitioner argues that RSA 458:19, I, affects substantive rights and, therefore, should be applied prospectively. We disagree. Substantive rights are vested rights. *See In the Matter of Goldman & Elliot*, 151 N.H. 770, 774 (2005). Where, as here, an original divorce decree has not ordered either party to pay alimony, neither party has a vested right to receive it. The five-year limitation set forth in RSA 458:19, I, therefore, does not affect substantive rights. *See id.*

The petitioner mistakenly relies upon our decision in *Donovan* to support her argument. In *Donovan*, we addressed whether a statute that eliminated the trial court's discretion to order parties to contribute to their children's college expenses applied retroactively or prospectively. *Donovan*, 152 N.H. at 61. We held that because the statute affected a substantive right—the right to receive previously court-ordered educational contributions—it applied prospectively. *Id.* at 63. Here, by contrast, the original divorce decree did *not* order alimony.

The instant case is similar to *Goldman*, 151 N.H. at 774-75. *Goldman* concerned the same amendment as *Donovan*; however, in *Goldman*, unlike in *Donovan*, there was no prior court order requiring the parties to contribute to their children's college expenses. *Goldman*, 151 N.H. at 771. Just before the effective date of the amendment, the respondent in *Goldman* sought payment of college expenses. *Id.* We held that her motion did not "secure her a vested right under the prior law." *Id.* at 774. Her motion "did not transform her hope for a discretionary college contribution award into a fixed, certain and absolute right that the court consider her request and issue an award." *Id.* Similarly, in this case, where the petitioner filed her motion for alimony long after the effective date of the amendment, her motion plainly could not transform any hope for an alimony award that she may have had prior to the amendment's effective date into a fixed, certain and absolute right to receive one. *See id.*

The petitioner also mistakenly relies upon *Henry v. Henry*, 129 N.H. 159, 161 (1987), to support her assertion that RSA 458:19, I, should apply prospectively. *Henry* is factually distinguishable from this appeal. In *Henry*, unlike the instant case, we did not analyze whether the amendment at issue was remedial or substantive. Moreover, the petitioner in *Henry* sought continuation of previously ordered alimony, while the petitioner here seeks alimony in the first instance. *See Henry*, 129 N.H. at 161. Further, the petitioner in *Henry* was entitled to seek continuation of alimony under either version of the statute at issue. *Id.*

The petitioner also contends that RSA 458:19, I, affects her substantive rights because, without alimony, she will be unable to support herself. A right does not vest, however, because a party's need is great.

■ Additionally, the petitioner asserts that applying RSA 458:19, I, retroactively to her alimony request is unjust. We disagree. She first requested alimony more than ten years after the parties divorced. It is not unfair that she should be prevented from receiving it when neither party could have anticipated her need for it. *See* N.H.S. JOUR. 1275 (2001).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.