NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Salem Family Division
No. 2015-0345


IN THE MATTER OF DANIELLE ROSS AND CHRISTOPHER ROSS

Argued: May 3, 2016
Opinion Issued: August 23, 2016


Steven G. Shadallah, of Salem, on the brief and orally, for the petitioner.


Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief and orally), for the respondent.


HICKS, J. The respondent, Christopher Ross, appeals an order of the Circuit Court (Cooper, M., approved by Ryan, J.) dismissing his petition for a fault-based divorce and the final order of the court (Cooper, M., approved by Stephen, J.) in his divorce from the petitioner, Danielle Ross. He argues that the trial court erred: (1) in granting the petitioner's motion to dismiss based upon the defense of recrimination; (2) in failing to award him more than half of the marital estate; and (3) in failing to retroactively modify temporary support orders based upon the petitioner's allegedly understated income. Because we hold that a party's actions after the divorce petition has been filed can be used as a basis for the defense of recrimination, and that the respondent withdrew his request to modify the temporary support orders, we affirm.

The trial court found, or the record supports, the following facts. The parties were married on July 27, 2002, and had two children prior to their

separation in 2011.  The petitioner filed for divorce in December 2011, alleging both fault and irreconcilable differences as grounds for divorce.  See RSA 458:7, V (2004); :7-a (Supp. 2015).  The respondent cross-petitioned for divorce on fault-based grounds, due to the petitioner's alleged adultery, see RSA 458:7, II (2004), and irreconcilable differences.

Approximately eleven months after the petitioner filed for divorce, the respondent began a sexual relationship with another woman.  The petitioner filed a motion to dismiss, alleging recrimination by the respondent.  The trial court granted the motion over the respondent's objection.  In 2015, the court entered a final decree of divorce citing irreconcilable differences as the cause of the marital breakdown.  This appeal followed.

The respondent appeals the trial court's dismissal of the fault-based ground in his cross-petition for divorce.  Specifically, he argues that his infidelity, which occurred eleven months after the parties' separation, could not be used as a basis for the defense of recrimination.  The petitioner argues that the trial court did not err in granting the motion to dismiss because the respondent was not an "innocent party" within the meaning of the statute.  RSA 458:7 (2004).  The petitioner raises a preservation issue regarding this argument, but we hold that the issue is properly presented because the respondent's notice of appeal alleged that the trial court erred in granting the petitioner's motion to dismiss.  See Sup. Ct. R. 16(3)(b).

In considering the trial court's ruling on the motion to dismiss, "our standard of review is whether the allegations in the [respondent's] pleadings are reasonably susceptible of a construction that would permit recovery."  In the Matter of Kenick & Bailey, 156 N.H. 356, 358 (2007).  "We assume the [respondent's] pleadings to be true and construe all reasonable inferences drawn therefrom most favorably to [him]."  Id.  We note that the trial court considered the undisputed claim that the respondent began a sexual relationship with another woman after the petitioner filed for divorce, and neither party argues that the trial court erred in doing so.  Cf. Hill v. Dobrowolski, 125 N.H. 572, 573 (1984) (considering facts outside the pleadings where both parties and trial court did so below).

Resolution of this issue requires us to engage in statutory interpretation.  We review a trial court's interpretation of a statute de novo.  See In the Matter of Hampers & Hampers, 166 N.H. 422, 433 (2014).  "We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole."  Id.  "We interpret legislative intent from the statute as written, and we will not consider what the legislature might have said or add words that the legislature did not include."  Id.  Moreover, "[w]e interpret statutes in the context of the overall statutory scheme and not in isolation."  Id.

RSA 458:7 states that "[a] divorce from the bonds of matrimony shall be decreed in favor of the innocent party for any of" the enumerated causes including "[a]dultery of either party." RSA 458:7 (emphasis added). "[I]nnocent" means "free from guilt," and "[o]ur court has stated flatly that a spouse who is guilty of an offense against the other spouse, which would be grounds for divorce, cannot himself obtain" a divorce under RSA 458:7. Rockwood v. Rockwood, 105 N.H. 129, 131 (1963) (quotations omitted). "In other words, recrimination is a defense against a spouse who is not innocent." Id.

"Generally, although the misconduct of the plaintiff occurs after the commencement of his or her suit, it is as fully effective to bar the right to a [fault-based] divorce therein as if it had occurred previous to the commencement of the suit." 24 Am. Jur. 2d Divorce and Separation § 162, at 368 (2008). This general proposition is reflected in the plain language of RSA 458:7, which states that a divorce "shall be decreed in favor of the innocent party." RSA 458:7. The statute necessarily requires that one be an "innocent party" at the time of the decree. Id. The statute makes no exception for fault-based grounds that arise prior to the final decree, regardless of whether they arise before or after the filing of the divorce petition. See id. Therefore, the trial court correctly considered the respondent's post-petition conduct when deciding the motion to dismiss.

Here, it is undisputed that the respondent was still married when he began a sexual relationship with a woman who was not his wife. See In the Matter of Blanchflower & Blanchflower, 150 N.H. 226, 227 (2003) (defining adultery as "voluntary sexual intercourse between a married man and someone other than his wife" (quotation omitted)); see also In the Matter of Dube & Dube, 163 N.H. 575, 579-80 (2012) (holding that husband's infidelity precluded him from claiming status as an "innocent party" under RSA 458:7). Thus, we are not persuaded that the trial court erred by granting the petitioner's motion to dismiss.

The respondent argues that the defense of recrimination is unavailable to the petitioner because his adultery did not cause the breakdown of the marriage. However, recrimination does not turn upon which party's conduct caused the marital breakdown. Rather, the "right to set up one matrimonial offense in bar of another is an application of the equitable rule that one who invokes the aid of a court must come into it with a clear conscience and clean hands." Brewies v. Brewies, 178 S.W.2d 84, 85 (Tenn. Ct. App. 1943) (quotation omitted); De Burgh v. De Burgh, 250 P.2d 598, 605 (Cal. 1952) (noting that the defense of recrimination is encompassed within the unclean hands doctrine). Thus, it need only be shown that a spouse is not an "innocent party" because he or she "is guilty of an offense against the other spouse, which would be grounds for divorce." Rockwood, 105 N.H. at 131 (quotation omitted). Causation is not an element of the defense of recrimination.

3

The respondent also asserts that "[i]t is not reasonable to suggest, in these times of protracted discovery and litigation, that a party to a divorce must remain celibate for the duration of the proceedings" to obtain a fault-based divorce. However, this argument is made in the wrong forum. "Matters of public policy are reserved for the legislature, and we therefore leave to it the task of addressing the [respondent's] concerns." Petition of Kilton, 156 N.H. 632, 645 (2007).

Given our conclusion that the trial court did not err in dismissing the respondent's fault-based divorce cross-petition, we need not address his argument that the court should have awarded him more than half of the marital estate. That argument is premised upon his erroneous contention that the trial court should not have granted the petitioner's motion to dismiss his cross-petition for a fault-based divorce. See Chabot v. Chabot, 126 N.H. 793, 795 (1985) ("[I]f the plaintiff does not prove fault on which divorce can be granted and the court grants a divorce on the ground of irreconcilable differences, fault would not be considered on the questions of property division or alimony.").

The respondent next argues that the trial court erred by failing to grant his motion to modify its temporary support orders, due to the petitioner's alleged underreporting of her income. The petitioner argues that because the respondent withdrew this motion in the trial court, the court did not err. We agree with the petitioner.

The respondent filed his motion to modify in March 2013. At that time, the trial court ruled that the motion would be considered during the final hearing. However, on June 26, 2014, more than year later, the court held a hearing on pending motions, including the modification motion. At that hearing, respondent's counsel stated that the respondent "never attempted to modify" the temporary support orders based upon the petitioner's "grossly under reported financial affidavit." When counsel for the petitioner pointed out the respondent's March 2013 motion, respondent's counsel replied that "[i]t was withdrawn, Judge, never presented." The court's order on the pending motions, which adjusted the parties' temporary support obligations based upon other considerations, does not mention the issue of the petitioner's allegedly underreported income. The court added that its order "resolve[d] all pending motions before the Court." Respondent's trial counsel later claimed that he had not withdrawn the motion.

We are not persuaded by any of the respondent's arguments that the issue regarding the petitioner's alleged underreported income is properly before us. He argues that the "issue of withdrawal . . . was waived" because the petitioner "did not cross-appeal." However, the respondent fails to explain this bare assertion; thus, we reject it as undeveloped. See Auger v. Town of Strafford, 156 N.H. 64, 68 (2007). The respondent, who is represented by

different counsel on appeal, also questions what motive trial counsel could have had to withdraw the motion and argues that "at most there was some sort of misunderstanding." However, trial counsel's motives are irrelevant: the record shows that counsel made an unambiguous representation to the court that he had, in fact, withdrawn the motion. Therefore, we are not persuaded that the court erred when it did not address this issue.

Finally, "any issues raised in the notice of appeal, but not fully briefed, are deemed waived." Mountain View Park, LLC v. Robson, 168 N.H. 117, 121 (2015).

Affirmed.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.