NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Brentwood Family Division
No. 2016-0400


IN THE MATTER OF KELI ECKROATE-BREAGY AND PAUL BREAGY

Argued: April 13, 2017
Opinion Issued: August 1, 2017


Marshall Law Office, PLLC, of East Kingston (Keri J. Marshall on the brief), and Law Offices of Sharon J. Rondeau, of Exeter (Sharon J. Rondeau orally), for the petitioner.


Russman Law Offices, of Exeter (Amy C. Connolly on the brief and orally), for the respondent.


HICKS, J. The petitioner, Keli Eckroate-Breagy, appeals an order of the Circuit Court (Luneau, J.) denying her motion to reopen the property distribution decreed in her divorce from the respondent, Paul Breagy. She filed the motion after the respondent received two inheritances. She also appeals the trial court's refusal to compel answers to her discovery requests about the inheritances. We affirm.

The trial court found, or the record supports, the following facts. The parties were married in 2000. The petitioner, citing irreconcilable differences, petitioned for divorce in 2013. After a contested hearing, the trial court issued a decree on August 19, 2014. The petitioner appealed the property distribution

and the amount and duration of alimony set forth in the decree. On July 13, 2015, we affirmed the decree, and a mandate issued on July 27, 2015. During the pendency of the appeal, the respondent received inheritances from two family members.

On April 3, 2015, while the appeal was still pending, the petitioner moved in the trial court to compel the respondent's disclosure of the inheritances that he had received. On April 14, 2015, she moved to reopen the property distribution. The respondent moved to dismiss the motion to reopen, and objected to the motion to compel. The trial court denied the motion to reopen on June 21, 2016, reasoning that marital property ceases to accrue after the issuance of a final decree, regardless of whether the decree is appealed. The trial court also noted that to hold otherwise "would create an incentive to appeal all Decrees." Alternatively, the trial court found that, even if the inheritances were marital property, the motion did not allege sufficient grounds to reopen the property distribution because it did not allege fraud, undue influence, deceit, misrepresentation, or mutual mistake. This appeal followed.

We first address the respondent's argument that we should dismiss this appeal or, alternatively, strike portions of the petitioner's brief on the grounds that the petitioner has not provided certain transcripts and that her brief does not contain necessary references to the record. The respondent asserts that these failures violate New Hampshire Supreme Court Rules 13(2) and 16(3). Notably, the respondent does not claim that he did not receive proper notice of the issues raised on appeal nor that the issues on appeal were not preserved. Rather, the respondent argues in summary fashion that the defects in the petitioner's brief "severely prejudiced [his] ability to respond meaningfully to [the petitioner's] arguments."

With respect to the transcripts, we conclude that they are not "necessary for the court to decide the questions of law presented by the case." Sup. Ct. R. 13(2). We therefore decline to dismiss the appeal or to strike portions of the petitioner's brief as a result of their absence. The respondent is correct that, in the petitioner's brief, the questions presented for review and the statement of facts fail to reference the record. See Sup. Ct. R. 16(3)(b), (d) (respectively requiring parties to make reference in the brief to the record after each statement of a question presented and to the record or appendix within the statement of facts). However, the record establishes that the issues raised on appeal were presented to the trial court, and the parties do not dispute the trial court's relevant factual determinations on appeal. The record is, thus, sufficient to decide the questions of law in this case. Moreover, the respondent thoroughly addressed the issues on appeal in his brief. Therefore, we conclude that he was not prejudiced and that to strike portions of the petitioner's brief under these circumstances would elevate form over substance. See Holt v. Keer, 167 N.H. 232, 239 (2015) (concluding that, because issues raised on

2

appeal were, in fact, before the trial court, petitioner's failure to cite references to record in brief did not require court to strike brief). We decline to do so. Nonetheless, we caution parties to adhere to Rule 16. See Sup. Ct. R. 16(3)(b), (d).

We next turn to the petitioner's argument that the trial court erred in denying her motion to reopen the property distribution. On appeal, the petitioner argues that, while her first appeal was pending, the parties were still married because, although the divorce decree was issued in August of 2014, it was not final until our mandate issued on July 27, 2015. Therefore, she concludes that the inheritances that the respondent received during the pendency of the appeal were marital property subject to equitable division under RSA 458:16-a (2004). As a result, the petitioner also contends that the trial court's failure to compel discovery regarding the inheritances was an unsustainable exercise of discretion.

Resolving the petitioner's claim that the inheritances were marital property requires us to engage in statutory interpretation. We review a trial court's interpretation of a statute de novo. See In the Matter of Ross & Ross, 169 N.H. 299, 301 (2016). "We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." Id. at 301-02 (quotation omitted). "We interpret legislative intent from the statute as written, and we will not consider what the legislature might have said or add words that the legislature did not include." Id. at 302 (quotation omitted). Moreover, "we interpret statutes in the context of the overall statutory scheme and not in isolation." Id. (quotation and brackets omitted).

Paragraph I of our marital property settlement statute, RSA 458:16-a, states that "[p]roperty shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." RSA 458:16-a, I. Paragraph II sets forth the timing for the equitable distribution of marital assets: "When a dissolution of a marriage is decreed, the court may order an equitable division of property between the parties." RSA 458:16-a, II. As we have explained, "[w]hen read in conjunction, paragraphs I and II show the legislature's intention that marital property includes any property acquired up to the date of a decree of legal separation or divorce." Holliday v Holliday, 139 N.H. 213, 215 (1994); see RSA 458:16-a, I, II.

Under RSA 458:16-a, I, the trial court first determines, as a matter of law, what assets are marital property and thus subject to equitable distribution, and then exercises its discretion to make an equitable distribution of those assets. In the Matter of Goodlander & Tamposi, 161 N.H. 490, 495 (2011). Trial court determinations under RSA 458:16-a, I, as to what assets are marital property are reviewed de novo. Id. Thus, we review the trial court's

3

determination that the respondent's inheritances are not marital property de novo.  See id.

The plain language of RSA 458:16-a makes clear that marital property shall be accrued up to the point when a "dissolution of a marriage is decreed." RSA 458:16-a, II.  Although generally a decree issued by the trial court does not go to final judgment if a timely appeal is taken, In the Matter of Nyhan & Nyhan, 151 N.H. 739, 745 (2005), the plain language of the statute stops the accrual of marital property when a "dissolution of a marriage is decreed," not when the decree becomes final or effective.  RSA 458:16-a, II (emphasis added). Thus, property acquired by either party after the date that the divorce decree is issued is not marital property.  Our holding is bolstered by public policy, as evinced in RSA 490:14-a (2010), which discourages appeals "intended for delay."  See Heath v. Heath, 85 N.H. 419, 422 (1932) (explaining that "[s]tatutes and decisions are admittedly sources of the ascertainment of public policy").  Holding that the marital estate remains open during an appeal period would create an incentive for parties to appeal divorce decrees for the purpose of extending the period during which marital property accrues.

Here, the marital estate closed when the decree was issued on August 19, 2014, and the inheritances, which the respondent indisputably received after August 19, 2014, were, therefore, not marital property.

We are not persuaded by the cases the petitioner cites in support of her contention that the inheritances are marital property because, in each of those cases, the marital property was acquired before the divorce decree was issued. See In the Matter of Heinrich & Heinrich, 164 N.H. 357, 361-62 (2012) (holding that the petitioner's lump sum workers' compensation award, received one day before petitioner filed for divorce, was marital property); In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770-71 (2002) (affirming the trial court's valuation of contributions made to retirement accounts as of the date of the final hearing, which took place before the decree was issued); In the Matter of Gordon & Gordon, 147 N.H. 693, 696-97 (2002) (concluding that trial court did not err in finding that husband's contributions to retirement accounts made after the libel for divorce was filed, but before the decree issued, were marital property); In the Matter of Preston and Preston, 147 N.H. 48, 48-50 (2001) (finding that an annuity, acquired four years before the parties' separation, was marital property); Bursey v. Town of Hudson, 143 N.H. 42, 45 (1998) (holding that wife had equitable claim to husband's corporation and real estate owned by that corporation because divorce decree had not issued); Holliday, 139 N.H. at 215-16 (concluding that lottery winnings and retirement incentive obtained by husband before trial court accepted permanent stipulation were marital property).  Therefore, we conclude that the trial court did not err by denying the petitioner's motion to reopen.

4

In light of our holding that the inheritances were not marital property, the trial court's refusal to compel discovery regarding the inheritances was not an unsustainable exercise of discretion.  See In the Matter of Hampers & Hampers, 154 N.H. 275, 280 (2006) (explaining that we review a trial court's decision on the management of discovery under an unsustainable exercise of discretion standard).

Affirmed.

DALIANIS, C.J., and LYNN and BASSETT, JJ., concurred.