NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
No. 2022-0142

JULIANA LONERGAN & a.

v.

TOWN OF SANBORNTON

Argued: January 31, 2023
Opinion Issued: May 31, 2023

Panciocco Law, LLC, of Bedford (Patricia M. Panciocco on the brief and orally), for the plaintiffs.

Wadleigh, Starr & Peters, P.L.L.C., of Manchester (Stephen M. Bennett on the brief and orally), for the Town of Sanbornton.

Seufert Law Office, PA, of Franklin (Christopher C. Snook and Christopher J. Seufert on the brief, and Christopher C. Snook orally), for the intervenor.

DONOVAN, J.  The plaintiffs, Juliana and David Lonergan, appeal an order of the Superior Court (O'Neill, J.) affirming a decision by the Town of

Sanbornton's (Town) Zoning Board of Adjustment (ZBA) approving a special exception for an excavation site for property that the intervenor, R.D. Edmunds Land Holdings, LLC, owns. As a threshold matter, the Town and the intervenor argue that this court lacks subject matter jurisdiction based upon the plaintiffs' failure to timely move for rehearing with the ZBA as required by RSA 155-E:9 (2014). We conclude that RSA 155-E:9 applied to the plaintiffs' motion for rehearing to the ZBA and that the plaintiffs did not meet the ten-day filing deadline set forth in the statute. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction and vacate the superior court's order.

## I. Facts

The following facts are agreed upon by the parties or are otherwise supported by the record. The intervenor owns an approximately 19-acre tract of land in the Town's General Agricultural District that directly abuts the plaintiffs' property. In July 2020, the intervenor applied to the ZBA for a special exception to operate a gravel pit excavation site on its property. See Sanbornton, N.H., Zoning Ordinance, art. 18(B)(3) (2021) (hereinafter, "Ordinance"). Article 18(B)(3) of the Ordinance authorizes the ZBA to grant special exceptions that "[p]ermit the use of land for the excavation or removal of earth material" if the ZBA finds that the project satisfies certain criteria, including any requirements set forth in RSA chapter 155-E (2014).

In August 2020, the ZBA held its first public hearing on the intervenor's application. At the meeting, a representative appeared on behalf of the intervenor and explained the details of the operation. When the ZBA opened the meeting to the public, members of the public, including the plaintiffs, raised concerns with the project's effect on noise, traffic, fugitive dust, and an aquifer located on the property. The ZBA ended the meeting by determining that it needed more information. Between October 2020 and January 2021, the ZBA discussed the proposed special exception at two additional hearings. Ultimately, at a hearing on February 23, 2021, the ZBA voted to grant the intervenor's application. Just under a month later, on March 24, 2021, the plaintiffs filed a motion for rehearing with the ZBA, which the ZBA denied. The plaintiffs subsequently appealed the ZBA's decision to grant the special exception to the superior court. After holding a hearing on the merits, the superior court denied the plaintiffs' appeal in a February 2022 order and affirmed the ZBA's decision. This appeal followed.

## II. Analysis

As a threshold issue, the Town and the intervenor contend that we lack subject matter jurisdiction to address this appeal because the plaintiffs' motion for rehearing to the ZBA was not timely filed pursuant to RSA 155-E:9. Subject matter jurisdiction is jurisdiction over the nature of the case and the

type of relief sought; it is the extent to which a court can rule on the conduct of persons or the status of things. Gordon v. Town of Rye, 162 N.H. 144, 149 (2011). In other words, it is a tribunal's authority to adjudicate the type of controversy involved in the action. Id. A tribunal lacks power to hear or determine a case that concerns subject matter over which it has no jurisdiction. Id. Thus, in the absence of subject matter jurisdiction, a tribunal's order is void and the appellate tribunal acquires no jurisdiction of the merits upon appeal. N.H. Alpha of SAE Trust v. Town of Hanover, 174 N.H. 269, 274 (2021). A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive subject matter jurisdiction.[1] Gordon, 162 N.H. at 149. Whether the ZBA had subject matter jurisdiction to hear the plaintiffs' motion for rehearing presents a question of law that we review de novo. N.H. Alpha of SAE Trust, 174 N.H. at 274.

Jurisdiction over a motion for rehearing from a decision denying or approving an application for an excavation site is governed by statute. See RSA 155-E:9. Therefore, the issue of whether the ZBA and/or the courts lack subject matter jurisdiction is a matter of statutory construction. See N.H. Alpha of SAE Trust, 174 N.H. at 274. In matters of statutory interpretation, the intent of the legislature is expressed in the words of the statute considered as a whole. See State v. Pinault, 168 N.H. 28, 31 (2015). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id.

The Town and the intervenor argue that the special exception that the ZBA granted when it approved the intervenor's site application also constituted an excavation permit pursuant to RSA chapter 155-E. Accordingly, they contend that the rehearing procedure described in RSA 155-E:9 controlled the proceedings following the ZBA's approval of the intervenor's application. Under their theory, the ten-day deadline set forth in RSA 155-E:9 to appeal a regulator's excavation permit decision applied to the plaintiffs' motion for rehearing. Consequently, because the plaintiffs' motion for rehearing did not comply with the ten-day deadline pursuant to RSA 155-E:9 — being filed twenty-nine days after the decision — the intervenor and Town argue that both the ZBA and superior court lacked jurisdiction to consider the appeal. We agree.

Resolving this issue requires us to consider RSA chapter 155-E and how it relates to the special exception for an excavation site set forth in the

---

[1] At oral argument, the plaintiffs argued that, given that the intervenor and the Town failed to raise the issue of jurisdiction with the trial court, they "waived [their] right to object." However, because subject matter jurisdiction may be raised at any time, we reject the plaintiffs' argument that the opposing parties waived this issue. See Gordon, 162 N.H. at 149-50. Moreover, the plaintiffs appear to abandon this argument in their memorandum of law, which they submitted following oral argument in response to a request from the court to specifically address the question of subject matter jurisdiction.

Ordinance.  See Ordinance, art. 18(B)(3).  RSA chapter 155-E regulates local excavations.  The statute requires a property owner to obtain an excavation permit, absent certain enumerated exceptions, from the local regulator prior to engaging in any excavation.  RSA 155-E:2, :3.  A "[r]egulator" is defined, in relevant part, as "[t]he planning board of a city or town, or if a town at an annual or special meeting duly warned for the purpose so provides, the selectmen of the town or the board of adjustment."  RSA 155-E:1, III(a).  With regard to excavations that require a permit, the statute requires that they comply with certain "minimum standards," RSA 155-E:4-a to :5, as well as "other requirements established by local regulations, provided such requirements do not conflict with RSA chapter 155-E," Town of Carroll v. Rines, 164 N.H. 523, 528 (2013); see also RSA 155-E:8, :11, I.

In turn, Article 18(B)(3) of the Ordinance sets forth the process by which a property owner may receive permission to excavate land in the Town.  The Ordinance permits the ZBA to grant a special exception to "[p]ermit the use of land for the excavation or removal of earth material" if the proposed plan satisfies certain criteria, including the requirements set forth in RSA chapter 155-E.  Ordinance, art. 18(B)(3).  The Ordinance also designates the ZBA as the "regulator," thus authorizing it to issue RSA chapter 155-E excavation permits.  See Ordinance, art. 18(B)(3)(f); RSA 155-E:3.

Given that the ZBA is the designated "regulator," and that in order to obtain a special exception for excavation, the plan must satisfy the requirements, including those set forth in RSA chapter 155-E, we agree with the Town that the Ordinance "incorporates the requirements of RSA [chapter] 155-E's permitting process with additional Town regulations," thereby allowing "a one-time permit process benefiting all parties."  The Town's and the intervenor's understanding of this process is supported by statements made at a ZBA hearing in February 2021, immediately prior to the ZBA's approval of the intervenor's application.  At that hearing, a representative for the intervenor explained "that the plan for the gravel pit operation will meet RSA [chapter] 155-E" and that satisfying the requirements of RSA chapter 155-E "is in the purview of each town's own designated regulator (which is the ZBA for [the Town])."  Accordingly, we conclude that, given the specific language set forth in Ordinance 18(B), the ZBA's grant of a special exception also constitutes a grant of an RSA chapter 155-E excavation permit.

Because the ZBA's approval of the intervenor's application for a special exception also constituted a grant of an excavation permit, the plaintiffs were required, but failed, to follow the appeals process set forth in RSA 155-E:9.  RSA 155-E:9 governs the appeals process from a regulator's decision regarding an excavation permit.  It provides:

> If the regulator disapproves or approves an application for an excavation permit or an application for an amended permit, any interested person

4

affected by such decision may appeal to the regulator for a rehearing on such decision or any matter determined thereby. The motion for rehearing shall fully specify every ground upon which it is alleged that the decision or order complained of is unlawful or unreasonable and said appeal shall be filed within 10 days of the date of the decision appealed from. . . . Any person affected by the regulator's decision on a motion for rehearing to the regulator may appeal in conformity with the procedures specified in RSA 677:4-15.

RSA 155-E:9 (emphases added). As we have observed, RSA 155-E:9 states that "if an interested person affected by the regulator's decision wishes to appeal the regulator's decision, he [or she] may do so by moving for a rehearing" within ten days. K & B Rock Crushing v. Town of Auburn, 153 N.H. 566, 568 (2006). If that person then wishes to appeal the regulator's rehearing decision, he or she must comply with RSA 677:4-:15 (2016), which generally govern appeals to the superior court. Id. Nothing in RSA 677:4-:15, however, authorizes an interested person to file an appeal of the regulator's initial decision to the superior court. Id. at 569. Indeed, RSA 155-E:9 requires the aggrieved party to file a motion for rehearing with the ZBA before proceeding to the superior court pursuant to RSA 677:4-:15. See K & B Rock Crushing, 153 N.H. at 568-69.


We have already considered how the appeals process set forth in RSA 155-E:9 applies to a regulator's initial decision regarding an excavation permit. See id. In K & B Rock Crushing v. Town of Auburn, the plaintiffs applied for a permit to excavate and crush rocks on 5.5 acres of land in Auburn. Id. at 567. When Auburn's planning board limited the application to just 1.6 acres, the plaintiffs appealed directly to the superior court without filing a motion for a rehearing. Id. The superior court subsequently denied Auburn's motion to dismiss, which argued that the trial court lacked subject matter jurisdiction because the plaintiffs failed to move for a rehearing before the planning board. Id. We reversed and ruled that the trial court lacked jurisdiction to hear the plaintiffs' appeal because they had not followed the appellate procedures mandated by RSA 155-E:9. Id. at 570.

Here, we reach the same conclusion. The ZBA approved the intervenor's application for a special exception pursuant to Article 18(B)(3) on February 23, 2021, which also constituted a grant of an RSA chapter 155-E excavation permit. See Ordinance, art. 18(B)(3)(e)-(f); RSA 155-E:3. The plaintiffs then moved for a rehearing before the ZBA within thirty days, but after the ten-day deadline imposed by statute. See RSA 155-E:9. Accordingly, although the plaintiffs were required to follow the appeals process set forth in RSA 155-E:9 when they appealed from the ZBA's initial decision, they failed to do so. See K & B Rock Crushing, 153 N.H. at 568-69 (holding that appeals from a regulator's initial decision to grant or deny an excavation permit must follow the appeals process set forth in RSA 155-E:9).

5

The plaintiffs contend that our ruling in K & B Rock Crushing and the appeals process set forth in RSA 155-E:9 do not control the disposition of this case because: (1) the Town's citizens did not lawfully approve the planning board's transfer of its "regulator" responsibilities to the ZBA; and (2) the ZBA failed to sufficiently notify the plaintiffs that it would consider the intervenor's application to include an excavation permit. We disagree.

The plaintiffs first argue that the ZBA lacks authority to approve an excavation permit because "the Town did not 'duly warn' the voters it was choosing to appoint the ZBA its 'regulator'" as required under RSA 155-E:1, III(a). We disagree.

RSA 155-E:1, III(a) provides that "regulator" means either "[t]he planning board of a city or town, or if a town at an annual or special meeting duly warned for the purpose so provides, the selectmen of the town or the board of adjustment." In March 1994, the Town voted to amend the Ordinance to "[d]efine [the] enforcement powers of [the] ZBA & BOS." Ordinance, Appendix A, B. This amendment is codified in what is now Article 18(B)(3)(f), designating the ZBA "as regulator." Ordinance, art. 18(B)(3)(f); see Ordinance, Appendix B.

The plaintiffs argue that this meeting appointing the ZBA as the regulator was not "duly warned." See RSA 155-E:1, III(a). There is, however, a conclusive presumption of procedural validity five years following the enactment of municipal legislation. RSA 31:126 (2019); see also Thayer v. Town of Tilton, 151 N.H. 483, 486 (2004) (citing RSA 31:126 for the proposition that "any claim of invalidity of municipal legislation for failure to follow statutory enactment procedure must be asserted within five years of its enactment"). Specifically, RSA 31:126 provides:

> Municipal legislation, after 5 years following its enactment, shall, without further curative act of the legislature, be entitled to a conclusive presumption of compliance with statutory enactment procedure. Any claim that municipal legislation is invalid for failure to follow statutory enactment procedure, whether that claim is asserted as part of a cause of action or as a defense to any action, may be asserted within 5 years of the enactment of the legislation and not afterward.

(Emphasis added). The plaintiffs, however, are barred from asserting their invalidity claim because the municipal legislation at issue was enacted more than five years ago. See RSA 31:126.

The plaintiffs' second argument is that RSA 155-E:9 does not apply because the ZBA lacked jurisdiction to grant an RSA chapter 155-E excavation permit due to insufficient notice that approving an Article 18(B)(3) special exception would also constitute an approval of an excavation permit. For

support, the plaintiffs point to the ZBA's notice of public hearing for the August 2020 hearing and the intervenor's application for the special exception, both of which expressed that the project was an application for a special exception under Article 18(B)(3) but did not reference an excavation permit pursuant to RSA 155-E:3. According to the plaintiffs, the notice failed to comply with RSA 676:7 (Supp. 2022). Assuming without deciding that RSA 676:7 establishes the applicable notice requirements, we are unpersuaded by the plaintiffs' argument.

Resolution of this issue requires us to interpret RSA 676:7, which requires that "[p]rior to exercising its appeals powers, the board of adjustment shall hold a public hearing," and that every abutter "shall be notified of the hearing by verified mail, as defined in RSA 21:53, stating the time and place of the hearing, and such notice shall be given not less than 5 days before the date fixed for the hearing of the appeal." RSA 676:7, I. Moreover, "[a] public notice of the hearing shall be placed in a newspaper of general circulation in the area not less than 5 days before the date fixed for the hearing of the appeal." Id. Aside from mandating that the notice to the abutters include the time and place of the hearing, the statute is otherwise silent as to what information the notice must include. See RSA 676:7.

Here, the plaintiffs fail to demonstrate that insufficient notice was provided. Pursuant to RSA 676:7, the notice of the August 2020 hearing stated both the time and place of the hearing. Accordingly, based on the information that the Town provided, the notice of hearing satisfied RSA 676:7.

To the extent the plaintiffs contend that the insufficient notice violated their due process rights by citing Petition of Kilton, 156 N.H. 632 (2007), we conclude that any such argument is undeveloped. In Petition of Kilton, we addressed a petitioner's due process argument that he received inadequate notice. Petition of Kilton, 156 N.H. at 637-39. We explained that "[t]o determine whether particular procedures satisfy the requirements of due process, we typically employ a two-prong analysis. Initially, we ascertain whether a legally protected interest has been implicated. We then determine whether the procedures provided afford appropriate safeguards against a wrongful deprivation of the protected interest." Id. at 637 (citations omitted). Here, the plaintiffs neither identify a protected interest, nor explain how the procedures provided — namely, the notice of hearing — deprived them of a protected interest. In fact, the plaintiffs neither mention the words "due process" in their briefs, nor identify a constitutional provision that would provide them with due process rights in this situation. Accordingly, we decline to address this undeveloped argument. See State v. Blackmer, 149 N.H. 47, 49 (2003) ("[W]e confine our review to only those issues that the defendant has fully briefed.").

7

## III. Conclusion

For the foregoing reasons, we conclude that RSA 155-E:9 applied to the plaintiffs' appeal from the ZBA's decision to grant the intervenor's application for a special exception for an excavation site. Because the plaintiffs did not timely file their appeal pursuant to RSA 155-E:9, the ZBA lacked subject matter jurisdiction over the plaintiffs' motion for rehearing in the first instance, and the courts, as a result, lack jurisdiction over the appeal of the ZBA's decision. Accordingly, we are without jurisdiction to address the merits of the plaintiffs' arguments. We vacate the superior court's order and remand with instructions to dismiss the appeal.

Vacated and remanded.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.